Argued and submitted September 28, 1983, affirmed January 18, reconsideration denied March 16, petition for review denied April 24, 1984 (297 Or 82)

DAVIS,
*Appellant,*

*v.*

WHITING CORPORATION,
*Respondent.*

(A8210-06006; CA A27452)

674 P2d 1194

Will Aitchison, Portland, argued the cause for appellant. With him on the briefs was Aitchison & Sherwood, Portland.

Steven K. Blackhurst, Portland, argued the cause for respondent. With him on the brief were Robert E. Babcock and Lindsay, Hart, Neil & Weigler, Portland.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

GILLETTE, P. J.

### GILLETTE, P. J.

Plaintiff appeals from an order dismissing his product liability action on the ground that it was time barred by ORS 30.905(1). We affirm.

On October 30, 1980, plaintiff, an employe of Reynolds Metal, suffered injuries allegedly due to a defective condition in an overhead bridge crane. The crane was manufactured by defendant and sold to Reynolds Metal on August 5, 1969. On October 1, 1982, plaintiff sued defendant for damages arising from his injuries. Defendant moved for dismissal on the ground that plaintiff's claim was barred by ORS 30.905(1), because it was commenced more than eight years after the crane was first purchased for use. The trial court granted the motion. Plaintiff appeals, contending that ORS 30.905(1) violates Article I, section 10, of the Oregon Constitution and the Equal Protection and Due Process provisions of the Fourteenth Amendment to the United States Constitution. We examine the contentions in order.

■   ORS 30.905(1) provides:

"Notwithstanding ORS 12.115 or 12.140 and except as provided in subsection (2) of this section, a product liability civil action shall be commenced not later than eight years after the date on which the product was first purchased for use or consumption."

Plaintiff argues that this statute violates Article I, section 10, of the Oregon Constitution by denying him access to the courts. The Supreme Court rejected this contention in *Johnson v. Star Machinery Co.,* 270 Or 694, 530 P2d 53 (1974), and we similarly reject it here. As stated in *Johnson:*

"A cause of action may be constitutionally abolished or limited so long as it is not done arbitrarily and there is a legitimate, countervailing public interest or policy which arguably is served by such action." 270 Or at 702.

ORS 30.905(1) serves legitimate public purposes including: to prevent claims where evidence may be unreliable and unavailable due to lapse of time; to allow persons to plan their affairs free from the burden of protracted and unknown potential liability; and to stablize product liability insurance rates. Given these purposes, the statute does not unconstitutionally deny plaintiff's access to the courts.

Plaintiff also challenges ORS 30.905(1) on equal protection grounds, asserting that it creates an arbitrary distinction between consumers injured by older products and those injured by newer products. Because this classification involves neither a fundamental right nor a suspect class, the standard of review is whether a rational relationship exists between the classification and the purpose of the statute creating it. *City of Klamath Falls v. Winters,* 289 Or 757, 772, 619 P2d 217 (1980), *appeal dismissed* 451 US 964 (1981).

■ We conclude that ORS 30.905(1) satisfies the "rational basis test." In 1977, when the legislature adopted the statute, it was particularly concerned with stabilizing product liability insurance rates to ensure that such insurance be widely available. The House Committee on Judiciary heard testimony that the predictability resulting from a statute of ultimate repose would have a stabilizing effect on the insurance situation. Minutes, House Committee on Judiciary, May 16, 1977. The legislature's response was to limit product liability claims to those arising within eight years after the product was first purchased for use or consumption. We find such a legislative response to be rationally related to what the legislature perceived to be a pressing problem. *See Dague v. Piper Aircraft Corp.,* 513 F Supp 19 (ND Ind 1980). Contrary to the thrust of plaintiff's approach, we do not sit as a superlegislature to judge the wisdom or desirability of legislative policy determinations. *Or. State Homebuilders v. City of Tigard,* 43 Or App 791, 798, 604 P2d 886 (1979), *rev den* 288 Or 527 (1980).

■ As his final argument, plaintiff attacks ORS 30.905(1) as violating principles of due process. He appears to argue that the statute is unconstitutional because it does not guarantee persons injured near the end of the eight year period a reasonable amount of time in which to file suit. Either of two responses to this argument is adequate. First, because plaintiff was injured more than 12 years after the crane was first purchased for use, he cannot raise the issue. He is not a member of the class of persons to which, according to plaintiff, the statute denies due process. Moreover, even if he did have standing, we have interpreted ORS 30.905(1) to allow all

persons injured within eight years of the date the product was first purchased two years from the date of injury to bring an action. *Baird v. Electro Mart,* 47 Or App 565, 615 P2d 335 (1980).

Affirmed.