Argued and submitted September 23, 1988, affirmed February 8, reconsideration denied March 24, petition for review allowed May 2, 1989 (307 Or 719)

SEALEY et al,
*Appellants,*

*v.*

HICKS et al,
*Defendants,*

*and*

TOYOTA MOTORS CORP.,
*Respondent.*

(86-0869C; CA A47084)

768 P2d 428

Richard H. Muller, Portland, argued the cause and submitted the briefs for appellants.

Jonathan M. Hoffman, Portland, argued the cause for respondent. With him on the brief were Stephanie Stiffler, and Martin, Bischoff, Templeton, Ericsson & Langslet, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Plaintiffs brought this action on August 18, 1986, for injuries suffered by Scott when a 1975 Toyota Landcruiser in which he was riding overturned on April 23, 1986. The trial court granted a summary judgment in favor of defendant Toyota Motors Corporation (TMC). We affirm.

We turn first to a procedural matter raised by TMC. It is undisputed that the Landcruiser was first purchased in May, 1975, more than 11 years before the action was filed. Before TMC had been served, defendant Toyota Motors Distributors (Distributors) moved for summary judgment on the ground that the claim against it was time-barred by ORS 30.905,[1] the product liability statute of ultimate repose. Plaintiffs' only contention in opposition was that the statute was unconstitutional. The trial judge granted the motion and entered judgment in favor of Distributors, and plaintiffs appealed. We dismissed the appeal, because the notice of appeal was not timely served on Distributors. The Supreme Court denied review. *Sealey v. Hicks,* 304 Or 55, 742 P2d 1186 (1987).

TMC's motion for summary judgment is on the same ground as that of Distributors. Plaintiffs make essentially the same argument in opposition. The trial court treated its earlier rulings as the law of the case, and TMC asserts that no error can be found because the trial court correctly concluded that it was bound. *See Edwards v. Lewis,* 76 Or App 94, 707 P2d 1298 (1985), *rev den* 300 Or 477 (1986).

Assuming, without deciding, that the *trial court* was bound by its decision in the first summary judgment proceeding, that would not preclude plaintiffs from raising the issues in this appeal. The first appeal was dismissed; no appellate

---

[1] ORS 30.905 provides:

"(1) Notwithstanding ORS 12.115 or 12.140 and except as provided in subsection (2) of this section and ORS 30.907, a product liability civil action shall be commenced not later than eight years after the date on which the product was first purchased for use or consumption.

"(2) Except as provided in ORS 30.907, a product liability civil action shall be commenced not later than two years after the date on which the death, injury or damage complained of occurs."

Amendments unrelated to this case were made by the 1987 legislature. Or Laws 1987, ch 4, § 1.

ruling has been made that might foreclose the issues. *See Morley v. Morley,* 24 Or App 777, 780, 547 P2d 636 (1976). Accordingly, we address the merits.

■ Plaintiffs make several challenges to the constitutionality of ORS 30.905. We decline their invitation to reconsider our earlier holdings that the statute does not violate Article I, section 10, of the Oregon Constitution, or the Fourteenth Amendment. *Marinelli v. Ford Motor Co.,* 72 Or App 268, 696 P2d 1, *rev den* 299 Or 251 (1985); *Davis v. Whiting Corporation,* 66 Or App 541, 674 P2d 1194, *rev den* 297 Or 82 (1984). Plaintiffs also conclusorily assert that ORS 30.905 violates the privileges and immunities provisions of Article I, § 20, because other periods of limitation begin to run when an injury occurs and because minors do not have causes of action extinguished during their minority. All persons, adults and minors, who bring a defective product claim are treated similarly under ORS 30.905. Plaintiffs do not show unequal treatment to them as individuals or as a class. *See State v. Clark,* 291 Or 231, 630 P2d 810, *cert den* 454 US 1084 (1981). Plaintiffs' remaining constitutional arguments are without merit.

■ Plaintiffs' final challenge is that the trial court should not have granted summary judgment, because they stated a negligence claim, which is governed either by ORS 12.110, the two-year Statute of Limitation, or ORS 12.115, the general statute of repose, both of which begin to run only from the date of injury. Although plaintiffs made no allegation that TMC had a continuing "duty" to warn, they now argue that TMC had that duty, which was breached only when the injury occurred to Scott. Plaintiffs rely on *Little v. Wimmer,* 303 Or 580, 739 P2d 564 (1987), in which the Supreme Court found a continuing responsibility on the part of the state for the supervision and control of the state's highways. *Little* did not implicate ORS 30.905, which by its terms controls any failure to warn regarding a product.

ORS 30.900 defines product liability civil actions to include:

"[A] civil action brought against a manufacturer, distributor, seller or lessor of a product for damages for personal injury, death or property damage arising out of:

"(1) Any design, inspection, testing, manufacturing or other defect in a product;

"(2)   Any failure to warn regarding a product; or

"(3)   Any failure to properly instruct in the use of a product."

Plaintiffs' negligence claim comes within the definition. ORS 30.905 clearly applies, whether the cause of action is characterized as strict liability or negligence. *See Marinelli v. Ford Motor Co., supra,* 72 Or App at 273.[2]

Affirmed.

---

[2] Plaintiffs argue in a general manner that *Erickson-Air Crane Co. v. United Technologies Corp.,* 303 Or 281, 735 P2d 614, *on reconsideration* 303 Or 452, 736 P2d 1023, *on remand* 87 Or App 577, 743 P2d 747, *rev den* 304 Or 680 (1987), in which the plaintiff's claim arose from post-sale affirmative negligence, controls the Statute of Limitations issue here. However, the complaint alleges no post-sale act, omission or negligence to which the reasoning of *Erickson* might apply.