Argued and submitted June 14, 1989, the decision of the Court of Appeals and the judgment of the circuit court affirmed March 6, 1990

SEALEY et al,
*Petitioners on Review,*

*v.*

HICKS et al,
*Defendants,*

*and*

TOYOTA MOTORS CORP.,
*Respondent on Review.*

(TC 86-0869C; CA A47084; SC S36025)

788 P2d 435

Richard H. Muller, Portland, argued the cause and filed the petition for petitioners on review.

Jonathan M. Hoffman, Portland, argued the cause for respondent on review.

Jay M. Smyser, Chicago, Illinois; and Miller, Nash, Wiener, Hager & Carlsen and James N. Westwood, Portland, filed a brief on behalf of *amicus curiae* Product Liability Advisory Council, Inc.

Emerson G. Fisher, Portland, filed a brief on behalf of *amicus curiae* Oregon Trial Lawyers Association.

Lee Aronson and Schulte, Anderson, DeFrancq, Downes &

Carter, P.C., Portland, filed a brief on behalf of *amicus curiae* Oregon Association of Defense Counsel.

Before Peterson, Chief Justice, and Linde,** Carson, Jones, Gillette, Van Hoomissen and Fadeley, Justices.

GILLETTE, J.

Fadeley, J., specially concurred and filed an opinion.

---

** Linde, J., retired January 31, 1990.

## GILLETTE, J.

The primary issue in this products liability case is whether ORS 30.905,[1] the products liability statute of ultimate repose, violates either the Oregon Constitution or the Seventh or Fourteenth Amendments to the United States Constitution. A secondary issue concerns whether plaintiffs' complaint alleges a negligent, continuing failure on the part of the manufacturer to warn of the product's defective and dangerous condition. If the pleadings adequately allege such a theory, a question arises whether the time limit imposed by ORS 30.905(1) can be avoided by pleading a negligent continuing failure to warn consumers of such dangers. We hold that ORS 30.905 is constitutional under both constitutions. We further hold that plaintiff's allegations are insufficient to raise a theory of negligent, continuing failure to warn of a dangerous or defective product.

### FACTS

On April 23, 1986, 15-year-old Scott Sealey, the plaintiff, was a passenger in a 1975 Toyota Landcruiser. The driver, defendant Erik James Hicks, also a minor, lost control of the vehicle. The vehicle rolled over and its roof came off. Plaintiff was seriously injured and is now a quadriplegic.

Plaintiff, acting through his guardian *ad litem,* filed his original complaint on August 27, 1986. The defendants were Hicks, Toyota Motor Distributors, and Toyota Motor Corporation (TMC). TMC moved for summary judgment, claiming that the action was time barred by ORS 30.905(1) because the vehicle was originally sold in May of 1975 and the accident occurred more than eight years later. The trial court agreed and granted summary judgment. Finding no reason for

---

[1] ORS 30.905 provides:

"(1) Notwithstanding ORS 12.115 or 12.140 and except as provided in subsection (2) of this section and ORS 30.907, a product liability civil action shall be commenced not later than eight years after the date on which the product was first purchased for use or consumption.

"(2) Except as provided in ORS 30.907, a product liability civil action shall be commenced not later than two years after the date on which the death, injury or damage complained of occurs."

delay, the court entered judgment for TMC and against plaintiff pursuant to ORCP 67 B.[2]

Plaintiff appealed, contending that, insofar as ORS 30.905(1) bars a claim before the injury upon which it is based even occurs, the statute is unconstitutional. Plaintiff further contended that, even if ORS 30.905(1) is constitutional, he also has alleged ordinary post-purchase negligence, governed by the general torts statutes of limitation and repose, ORS 12.110(1)[3] and 12.115, and his complaint was timely under those statutes.[4]

The Court of Appeals upheld the constitutionality of ORS 30.905(1).[5] *Sealey v. Hicks,* 95 Or App 182, 768 P2d 428 (1989). The Court of Appeals further ruled that plaintiff had not alleged a continuing failure to warn and, even if he had, the definition of "product liability civil action" provided in ORS 30.900[6] included within its limitation any failure to warn

_____

[2] ORCP 67 B provides:

"When more then one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and rights and liabilities of all the parties."

[3] ORS 12.110(1) provides in pertinent part:

"An action for assault, battery, false imprisonment, or for any other injury to the person or rights of another, not arising on contract, and not especially enumerated in this chapter, shall be commenced within two years * * *."

[4] ORS 12.115 provides:

"(1) In no event shall any action for negligent injury to person or property of another be commenced more than 10 years from the date of the act or omission complained of.

"(2) Nothing in this section shall be construed to extend any period of limitation otherwise established by law, including but not limited to the limitations established by ORS 12.110."

[5] TMC also claimed that an earlier, favorable resolution of this same claim against co-defendant Toyota Motor Distributors was the law of the case and absolved it as well. The Court of Appeals rejected that contention. The issue was not raised before us and we do not consider it.

[6] ORS 30.900 provides:

"As used in ORS 30.900 to 30.920, 'product liability civil action' means a civil

concerning a defective product. We allowed plaintiff's resulting petition for review to address the important issues involved.

## THE STATUTE'S MEANING

■ The products liability statute of repose, ORS 30.905(1), states that it applies "except as provided in subsection (2) of this section." This language could be read to make the time limit in ORS 30.905(1) subordinate to the time limit in ORS 30.905(2). If it were so read, the fact that plaintiff commenced this action less than two years after the accident would make the action timely under ORS 30.905(2). This interpretation, however, renders ORS 30.905(1) a virtual nullity — an action brought 10, 20, or even 30 years after a product was "first purchased for use or consumption" would still be timely so long as it was brought within two years of the date of the "death, injury or damage complained of." The legislature cannot have intended to enact a provision that would have no legal effect.

A brief look at the legislative history reveals the legislature's intent and a rational statutory structure. ORS 30.905(2) is a statute of limitation. Anyone injured by a defective product has two years from the date of the death, injury, or damage complained of to commence a civil action. ORS 30.905(1), on the other hand, is a statute of repose. The legislature has determined that an injury occurring more than eight years after a defective product first entered the stream of commerce is not legally cognizable. *See* Minutes, House Judiciary Committee, May 16, 1977, pp 10-12. Plaintiff here filed within two years of his injury, but his injury did not occur within eight years of the date the vehicle first was purchased. Subsection (1) of ORS 30.905 is the applicable subsection. Plaintiff's case therefore was properly ended by summary judgment, unless some constitutional provision, state or

action brought against a manufacturer, distributor, seller or lessor of a product for damages for personal injury, death or property damage arising out of:

"(1) Any design, inspection, testing, manufacturing or other defect in a product;

"(2) Any failure to warn regarding a product; or

"(3) Any failure to properly instruct in the use of a product."

federal, forbids the enactment or application of ORS 30.905(1). We turn to that issue.

## THE STATUTE'S CONSTITUTIONALITY

Plaintiff attacks the constitutionality of ORS 30.905(1) on five separate bases, three under the Oregon Constitution and two under the Federal Constitution. As is our normal practice, we consider the three state constitutional challenges before moving on to the federal issues. *See, e.g., State v. Kennedy,* 295 Or 260, 666 P2d 1316 (1983).

### 1. Article I, Section 10

■ Article I, section 10, of the Oregon Constitution provides:

"No court shall be secret, but justice shall be administered, openly and without purchase, completely and without delay, and every man shall have remedy by due course of law for injury done him and his person, property or reputation."

Plaintiff contends that ORS 30.905(1) violates this section because it bars his claim before the claim ever accrues, thereby denying him a "remedy by due course of law for [an] injury done him and his person." Plaintiff is particularly aggrieved because the statute of repose eliminates his remedy even before he has suffered an injury. This is true. ORS 30.905(1) does bar plaintiff's claim and deny him a remedy for what would otherwise be a legally cognizable injury. However, ORS 30.905(1) is nonetheless constitutional.

This court already has considered and upheld the constitutionality of another statute of ultimate repose under similar circumstances. In *Josephs v. Burns & Bear,* 260 Or 493, 491 P2d 203 (1971), the plaintiffs were the owners of a building whose roof collapsed more than 10 years after its construction. Plaintiffs alleged that the collapse resulted from the defendant's negligent construction of the building.

At that time ORS 12.115(1) provided:

"In no event shall any action for negligent injury to person or property of another be commenced more than 10 years from the date of the act or omission complained of."

The trial court sustained the defendant's demurrer on the

basis that the statute of limitations had run prior to the commencement of the action.[7] This court affirmed the trial court's ruling despite the plaintiffs' contention "that a statute which purports to extinguish a remedy before the legally protected right becomes actionable is unconstitutionable because it contravenes Article I, section 10, of the Oregon Constitution * * *." *Id.* at 502. We held:

> "Assuming that the effect of ORS 12.115(1) is to abolish causes of action in tort where the damage does not result within ten years after the negligent acts or omissions complained of, we see nothing unconstitutional in so doing. * * *
>
> "* * * * *
>
> "It has always been considered a proper function of legislatures to limit the availability of causes of action by the use of statutes of limitation so long as it is done for the purpose of protecting a recognized public interest. It is in the interest of the public that there be a definite end to the possibility of future litigation resulting from past actions. It is a permissible constitutional legislative function to balance the possibility of outlawing legitimate claims against the public need that at some definite time there be an end to potential litigation."

The reasoning of *Josephs* is equally applicable to civil product liability actions.[8] The legitimate legislative purposes behind ORS 12.115(1) also support ORS 30.905(1).

Article I, section 10, does not apply to a situation like the present one. The legislature has the authority to determine what constitutes a legally cognizable injury. It has chosen to declare that injuries resulting from defective products are not legally cognizable if they occur more "than 8 years after the date on which the product was first purchased for use

---

[7] Although the *Josephs* court referred to ORS 12.115(1) as a "statute of limitation," we prefer to view it in this context as a "statute of ultimate repose." A "statute of limitation" limits the time a party has to initiate an action once a claim has accrued. A "statute of ultimate repose," on the other hand, provides a deadline for the initiation of an action whether or not the injury has been discovered or has even occurred.

[8] In fact, prior to the enactment of ORS 30.905(1) we held in *Johnson v. Star Machinery Co.*, 270 Or 694, 530 P2d 53 (1974), that the general torts statute of repose, ORS 12.115(1), also applied to strict product liability actions.

or consumption." In making this determination, the legislature has not deprived this plaintiff of a preexisting remedy for his injury.[9]

Plaintiff relies heavily on *Heath v. Sears, Roebuck & Co.*, 464 A2d 288 (NH 1983). In *Heath,* the Supreme Court of New Hampshire struck down the entire New Hampshire products liability statutory scheme as unconstitutional under the New Hampshire state constitution. Obviously, *Heath* has no direct authority here, but we are always open to persuasive analysis from any source. However, we find little helpful assistance in the *Heath* opinion.

*Heath* rests on a similar state constitution remedies clause. Part one, article fourteen of the New Hampshire Constitution provides:

> "Every subject of this state is entitled to a certain remedy, by having recourse to the laws, for all injuries he may receive in his person, property, or character; to obtain right and justice freely, without being obligated to purchase it; completely and without any denial; promptly, and without delay; conformably to the laws."

The New Hampshire Supreme Court views this clause as a substantive guarantee that the state courts will provide a remedy to every citizen for every injury. Based on this provision, the court determined that "although not a fundamental right, 'the right to recover for personal injuries is * * * an important substantive right.' " *Id.* at 294. An attempt to alter or eliminate this right was subject to attack under the state's equal protection clause wherein "classifications * * * were required to be 'reasonable' and to 'rest upon some ground of difference having a fair and substantial relation to the object of the legislation.' " *Id.* at 294-95. The court reviewed various provisions of the product liability law and found that many of the provisions were unreasonable or not "substantially related to a legitimate legislative object." *Id.* at 296. The 12-year statute of repose was found unreasonable because it could deprive persons of a remedy before their claim had accrued and because it was, in that court's view, unrelated to

---

[9] Prior to the enactment of ORS 30.905, this plaintiff would have been barred by the general ten-year ultimate statute of repose, ORS 12.115(1), which we applied to product liability actions in *Johnson v. Star Machinery Company, supra* n 9.

the underlying purpose of holding down insurance rates, primarily because "the crisis in products liability insurance had abated nationwide independent of [this law]."[10] *Id.*

Such statements reflect a fundamental difference between the powers and duties of the Supreme Court of New Hampshire and of this court. There is no "substantive due process" clause in our constitution. We are not empowered to strike down a duly enacted law simply because we believe it is unwise, unnecessary, or unsuccessful. Apparently, the Supreme Court of New Hampshire is so empowered. Lacking such a power, we are in no position to strike down ORS 30.905(1) under a *Heath* approach.

### 2. Article I, Section 17

■　　Article I, section 17, of the Oregon Constitution provides:

> "In all civil cases the right of Trial by Jury shall remain inviolate."

Plaintiff argues that, "[b]y denying this minor plaintiff any access to the Oregon Courts, ORS 30.905 has deprived the minor plaintiff [of] the right to have his claim heard by a jury." This contention is without merit. ORS 30.905(1) terminates product liability claims for all persons no matter what their age. Plaintiff is not deprived of any right or privilege because of his age. Section 17 is designed to guarantee a jury trial when a right to a trial exists in a civil action.[11] It is not an independent guarantee of the existence of a cognizable claim.

### 3. Article I, Section 20

■　　Plaintiff contends that ORS 30.905 violates Article I, section 20, of the Oregon Constitution:

> "No law shall be passed granting to any citizen or class of citizens privileges, or immunities, which, upon the same terms, shall not equally belong to all citizens."

---

[10] There apparently was some support in the record for this conclusion in the form of a report by a New Hampshire Legislative Commission to Study Product Injury Reparations.

[11] By "civil action" we mean what was once called an action at law. There is no right to a jury trial in equity. *Phillips v. Johnson,* 266 Or 544, 549, 514 P2d 1337 (1973).

The question is whether plaintiff is a member of a class, some of whom have been denied a privilege or immunity granted to others in the same class, or whether the manufacturers and sellers of products have been granted a privilege or immunity not available equally to others in the same class. *See State v. Clark,* 291 Or 231, 237-40, 630 P2d 810 (1981).

In evaluating whether a class exists under Article I, section 20, we must first determine whether the class "is created by the challenged law itself" or "by virtue of characteristics * * * apart from the law in question." *State v. Clark, supra,* 291 Or at 240. Classes of the first type are entitled to no special protection and, in fact, are not even considered to be classes for the purposes of Article I, section 20. *See, e.g., Hale v. Port of Portland,* 308 Or 508, 783 P2d 506 (1989); *Cole v. Dept. of Rev.,* 294 Or 188, 191-92, 655 P2d 171 (1982); *State v. Freeland,* 295 Or 367, 374-75, 667 P2d 509 (1983); *Norwest v. Presbyterian Intercommunity Hosp.,* 293 Or 543, 567-68, 652 P2d 318 (1982); *State v. Clark, supra,* 291 Or at 242-43.

There are three classes alleged to be at issue in this case:

(1) Persons injured by products more than eight years after their initial sale, contrasted with persons injured by products sold more recently;

(2) Potential tortfeasors who injure their victims with eight-year-old manufactured products, contrasted with tortfeasors who injure their victims in other ways; and

(3) Persons injured by products, contrasted with those persons injured by other causes.

The first two classes are clearly classes "created by the challenged law itself." Any statute of repose, by setting a time limit beyond which the legislature declines to recognize the existence of a legal injury, will divide tortfeasors and their victims into classes based upon those time limits. However, such a decision is within the purview of the legislature.

The third class does exist apart from the statute. Whether an individual is injured by a manufactured product or in some other fashion is not dependent upon the terms of the statute. Nevertheless, the legislature has the authority to decide, for example, that increases in insurance rates or other

costs associated with litigation warrant legislation to limit the liability of manufacturers in order to ensure the continued availability of manufactured goods at a reasonable cost. If the legislature attempted to deny a recovery to specific individuals, or to permit the courts to deny such a recovery to arbitrarily chosen members of the same class, Article I, section 20, might be violated. But that is not the case here.[12] *See Hale v. Port of Portland, supra; State v. Freeland, supra; State v. Clark, supra.*

## 4. Seventh Amendment

■ Plaintiff contends that ORS 30.905(1) violates his right to a jury trial under the Seventh Amendment in the United States Constitution. The Seventh Amendment right to a jury trial does not apply to the states. *See, e.g., Dohany v. Rogers,* 281 US 362, 50 S Ct 299, 74 L Ed 904 (1930).

## FOURTEENTH AMENDMENT

■ Plaintiff claims that ORS 30.905 violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. We disagree. In a federal equal protection analysis, the first step is to ascertain the level of scrutiny to be applied to the governmental action.

The appropriate level of review in this case is the "rational basis test." Under this test, a court simply asks whether "a classification bears a rational relationship to an end of government which is not prohibited by the Constitution." If it does bear such a relationship, the matter is at an end. 2 Rotunda, Nowak & Young, Treatise on Constitutional Law: Substance and Procedure 324 (1986). Clearly, the classifications made by ORS 30.905(1) do bear such a relationship to legitimate legislative ends, among them avoiding the necessity of trying stale claims. This argument is not well taken.

---

[12] If, for example, the legislature established a statute of repose that applied only to this defendant, to injured persons with facial hair, or to persons born in Canada, we doubtless would strike down the limitation as a violation of Article I, section 20.

## CONTINUING FAILURE TO WARN

■        Plaintiff's final argument is that his complaint alleged a negligent continuing failure by TMC to warn of the Landcruiser's defects. If plaintiff is correct, that portion of his complaint would be governed by the two-year negligence statute of limitation, ORS 12.110, and summary judgment would not have been appropriate. TMC responded, and the Court of Appeals agreed,[13] that plaintiff alleged no continuing failure to warn. We agree that plaintiff's complaint did not adequately raise the question of a continuing failure to warn.

The closest plaintiff's complaint came to such allegations were the following allegations:

"[A] proximate cause and/or enhancement of plaintiff's personal injuries was the negligence of defendant [TMC] in one or more of the following particulars:

"* * * * *

"4.   In failing to give adequate warning of the vehicle's dangerous propensity to roll over at low speeds."

The only reasonable reading of these allegations is that they refer to an initial failure to warn prior to the first sale of the vehicle; they cannot also be read to include a failure to warn at some later date after the product's defect was discovered. While ORCP 12 A directs that "[a]ll pleadings shall be liberally construed with a view of substantial justice between the parties," we would have to rewrite these pleadings, not construe them, to make out a claim of negligent continued failure to warn. The Court of Appeals correctly concluded that this theory had not been adequately pleaded.[14]

The decision of the Court of Appeals and the judgment of the circuit court are affirmed.

**FADELEY, J.,** specially concurring.

I concur in the result in this case. The pleadings do not meet requirements for a "continuing duty to warn" or for

---

[13] *Sealey v. Hicks,* 95 Or App 182, 185, 768 P2d 428 (1989).

[14] We express no opinion as to whether a properly pleaded continuing failure to warn would actually state a cause of action independent of the statutory product liability claim.

some other theory based on a duty, which *might* have been available, arising within two years of complaint.

However, I am not able to join the rest of the opinion which discusses a constitutional guarantee without analyzing that guarantee or its roots or purposes. We all agree in this country that the constitution and the rights guaranteed therein control over statutes. But that is only true so long as courts will make the constitution effective. Indeed, this country was founded as a result of a revolution wherein the courts had not accorded the "colonists" their fundamental rights under basic English law. Establishment of three separate co-equal branches of government followed hard on the heels of that experience. Assigning courts the task of enforcing constitutional rights was a creative *tour de force* by our predecessors. The independent judiciary was created to assure that there is always a governmental institution strong enough to have its way and charged with the responsibility for upholding the constitutional rights of individuals attacked or eroded by actions of other governmental branches.

The portion of this court's opinion which I do not join appears to me to possibly permit a statute of the legislative branch to overrule the constitutional right. That portion of the opinion appears to do so unnecessarily because no justiciable case for a remedy in due course of law was pleaded.

Article I, section 10, of the Oregon Constitution provides, among other things, that every person "shall have remedy by due course of law for injury done him in his person, property, or reputation." This clause uses mandatory language about two ideas. Each person shall have a remedy. That remedy shall be by due course of law. The remedy and the due course of law apply to injury done to the person.

In this case, a 15-year-old boy is a lifetime quadraplegic as a result of an accident which may have been substantially caused by dangerous driving characteristics of a specific vehicle. These dangerous characteristics, producing prior accidents, may well have been known to the manufacturer for years before the plaintiff suffered his lifetime injury. In an effort to allow manufacturers to build into their price a

component of cost for future risks of injury by their products, the legislature chose to limit the period of risk to eight years.[1]

It is true, as the opinion of the court points out, that the statute could be read another way. It could be read to limit to eight years plus two years after causing an injury. However, my concurrence here does not take issue with the reading in the court's opinion that the intention of the legislature was to absolutely limit the period of risk to eight years.

After the eight-year period expired, the driving accident, which may have been caused by the known dangerousness of the vehicle when being driven, occurred. That directly raises the issue of whether the legislature may properly make a choice to hold down the costs to the manufacturer to the first eight years of risk and place the remaining costs on those people who may be injured after the eighth year. Does that square with every person "shall have a remedy by due course of law for injury done him in his person?"

In effect, the court's opinion says, "yes, the legislature may by statute make the cost-shifting choice notwithstanding the constitutional guarantee. The statute may overrule the constitution and its guarantee."

This constitutional concept — a remedy by due course of law for injury to the person — is over seven hundred years old. The guarantee is a commonplace in state constitutions.[2] In our constitution, and that of other states, the physical placement of the guarantee connects it to and locates it with ideas found in Magna Carta concerning courts being open, speedy and complete in their resolution. The remedy by due course of law developed rapidly after Magna Carta and provided a great strength to the common law. In a relatively short time, this development yields the idea that individuals were protected by the law even against the sovereign. The law was superior to the whims, wishes, or even the considered decisions of that sovereign where there was a conflict between them.

Thus, in the Statutes of Westminister; the Second,

---

[1] In any case, the injury in this case occurred more than ten years later.

[2] Index volume, Constitutions of the United States National and State (Columbia University Oceana. (1982)) lists 36 states with such constitutional provisions.

1285 A.D., in Article XXIV is found a provision that requires a "writ" to be made for plaintiff's case even though the standard forms available at the court clerk's office did not provide a writ to cover the case. The statute said "a writ shall be made, lest it might happen hereafter that the court should long time fail to minister justice unto complainants." And thus, it is found in Article XI of the Massachusetts Declaration of Rights of 1780:

> "Every subject of the Commonwealth ought to find a certain remedy by having recourse to the laws, for all injuries or wrongs which he may receive in his person, property, or character. He ought to obtain right and justice freely, and without being obliged to purchase it; completely, and without any denial; promptly, and without delay; conformably to the laws." 1 Schwartz, The Bill of Rights, 342 (1971).

The extent of the court's analysis is to cite an Oregon case involving negligent construction more than ten years before the injury, and to engage in a debate with the Supreme Court of New Hampshire which results in a distinction between what the court's opinion sees as the powers of this court and the powers of that court. The depth and breadth of the analysis of the constitutional issue in this court's opinion is (a) to cite one of this court's decisions entered in 1971, which contains no analysis of the clause; (b) to distinguish a New Hampshire case holding to the contrary of this court's opinion, on the basis that New Hampshire courts have greater power to declare a statute unconstitutional than does this court; and (c) to point out that the statute is labeled a "statute of repose" (by the current opinion of the court) rather than of "limitation." In brief, the court disposes of the constitution by overruling its provisions through invoking the statute and its label. The court makes no mention of distinguishing the coverage of the constitutional guarantee from the coverage of the statute by interpreting the constitutional provision on the basis of its roots or its meaning.

While the New Hampshire case is the only other-state case mentioned in the court's opinion, that decision is only one of many state-court decisions on point. Of the states that had considered a similar question bearing on their state constitutions, seven declared the statutes unconstitutional while six upheld the statutes. Note, *Status and Trends in State Products Liability Law: Statutes of Limitation and Repose,* 14 J Legis. 233, 238 n.38 (1987).

A reader of the court opinion may gain the implication that where the cause of action involves liability for harm done by a product but where the duty owed to the injured person arose less that two years before the injury caused by the breach of that duty and where the complaint to recover was also within that two years, a statute of repose will nonetheless prevent any action or remedy in due course of law for the injury.[3] I do not join in any such implication. Nor do I join in discarding the protections of the remedy by due course of law clause without the court first providing an analysis of the nature of those protections.

---

[3] Examples *may* include: failure to recall a dangerous vehicle to correct the danger after having been ordered to do so by an appropriate governmental agency; or failure to take corrective action after learning that a contraceptive device causes spontaneous abortion, sterility or cancer.