Argued and submitted July 9, affirmed October 20, 1993

James E. THOMPSON,
*Petitioner,*

*v.*

EMPLOYMENT DIVISION,
*Respondent.*

(92-AB-1920; CA A77685)

861 P2d 371

Jeremy V. Sarant argued the cause for petitioner. With him on the brief was Lewis and Clark Legal Clinic.

Philip Schradle, Assistant Attorney General, waived appearance for respondent.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

LEESON, J.

## LEESON, J.

Claimant seeks judicial review of an order of the Employment Appeals Board (EAB) denying his request for an extension of his base year, ORS 657.170, for purposes of calculating unemployment benefits. We affirm.

Claimant sustained a back injury at work on May 16, 1988. After taking nine days off work because of that injury, he returned and continued to work until September 15, 1989, when the injury precluded any further work. He filed for workers' compensation benefits under ORS chapter 656, and was declared temporarily totally disabled (TTD) from September 15, 1989, to September 18, 1991. He was declared medically stationary on September 25, 1991, and received a notice of claim closure on November 20, 1991.

Claimant sought and received reconsideration of the claim closure. His TTD was extended to November 6, 1991. The amended notice of claim closure was not issued until May 27, 1992.

On June 10, 1992, claimant filed a claim for unemployment benefits.[1] The Division denied the claim on the ground that claimant had not worked during his base year of January to December 31, 1991, and therefore did not satisfy the conditions of ORS 657.150(2).[2] The Division also held that claimant had failed to timely file for a base year extension under ORS 657.170(2). Claimant requested a hearing on the denial. The referee upheld the denial and claimant appealed to EAB, which affirmed.

ORS 657.170(2) provides that, if an individual has had a period of TTD caused by illness or injury and has received workers' compensation during the greater part of any calendar quarter, the base year may be extended up to a maximum of four calendar quarters prior to the quarter in which the illness or injury occurred, if the individual

---

[1] The record does not indicate either the circumstances under which or the date on which claimant became unemployed.

[2] ORS 657.150(2) provides, in part:

"To qualify for [unemployment] benefits an individual must have worked 18 or more weeks in subject employment in the base year with total base year wages of $1,000 or more."

"(a)   Files a claim for benefits not later than the fourth calendar week of unemployment after the end of the period of temporary total disability described in this subsection; and

"(b)   Files such a claim within the three-year period immediately following the commencement of such period of illness or injury."

In holding that claimant's claim, filed on June 10, 1992, did not satisfy the statute because claimant's TTD had ended on November 6, 1991, EAB explained:

"[W]e are bound by the unambiguous language of ORS 657.170(2)(a). That provision requires claimant to file his claim 'not later than the fourth calendar week of unemployment after *the end of the period of temporary total disability* * * *,' not after the date of any notice provided by the Workers' Compensation Division." (Emphasis in original.)

Claimant does not challenge EAB's interpretation of the statute.[3] He contends that, as applied, ORS 657.170(2)(a) violates Article I, section 20, of the Oregon Constitution,[4] because the requirement to file a claim within four weeks of the cessation of TTD arbitrarily classifies claimants on the basis of whether they are notified of claim closure prior to the expiration of the four week period.[5]

Claimant is incorrect that the statute classifies persons on the basis of when they receive notification of claim closure. The statute classifies on the basis of whether claimants file their claims within the prescribed period. The statute does not violate Article I, section 20, by creating a uniformly applicable limitation period for filing claims. *See, e.g., Sealey*

---

[3] Claimant notes that HB 2132 was introduced in the 1993 legislature to "remedy the problem he now faces." That bill was in conference committee when the legislature adjourned.

[4] Article I, section 20, of the Oregon Constitution provides:

"No law shall be passed granting to any citizen or class of citizens privileges, or immunities, which, upon the same terms, shall not equally belong to all citizens."

Claimant raises no federal constitutional claims.

[5] Claimant also assigns error to the referee's determination that he failed to satisfy the requirements of ORS 657.170(2)(b). He asks us to construe that provision to mean that the three-year period for requesting a base year extension runs from the date that a claimant begins receiving TTD, rather than from the date of injury. We do not address that assignment, because EAB's decision was not based on that subsection.

*v. Hicks*, 309 Or 387, 397, 788 P2d 435, *cert den* 498 US 879 (1990).

Affirmed.