**William L. BAXTER, ppa Andrew T. Baxter, Plaintiff–Appellant, Third–Party–Defendant,**

v.

**STURM, RUGER & CO. INC., Defendant–Appellee, Third–Party–Plaintiff.**

No. 296, Docket 93–7375.

United States Court of Appeals, Second Circuit.

Decided Dec. 21, 1993.

As Amended Dec. 21, 1993.

Before MESKILL, PRATT, and MAHONEY, Circuit Judges.

## ORDER

This appeal from the United States District Court, 827 F.Supp. 96, for the District of Connecticut, Cabranes, *C.J.*, came on to be heard on the transcript of record from said district court and was argued by counsel. On consideration of the briefs, appendix, record and the oral argument in this appeal, it is hereby ORDERED that the Clerk of this Court transmit to the Clerk of the Connecticut Supreme Court a Certificate in the form attached, together with a complete set of the briefs, appendix and record filed with this Court by the parties. This panel retains jurisdiction so that, once we receive a response from the Connecticut Supreme Court, we may dispose of all of the issues raised in this appeal.

## APPENDIX

## UNITED STATES COURT OF APPEALS

For the Second Circuit

Docket No. 93–7375

William L. Baxter, ppa Andrew T. Baxter, *Plaintiff–Appellant, Third–Party–Defendant,*

—v.—

Sturm, Ruger & Co. Inc., *Defendant–Appellee, Third–Party–Plaintiff.*

Certificate to the Connecticut Supreme Court pursuant to Connecticut General Statutes § 51–199a (certification of unsettled question of state law).

In 1990, Andrew T. Baxter, the son of the plaintiff William L. Baxter (Baxter), was shot in the abdomen when a firearm accidentally discharged. The firearm had been designed and manufactured by the defendant, Sturm, Ruger & Co. Inc. (Sturm, Ruger), in Connecticut and had been shipped in 1968 to a distributor in Oregon. The firearm had then been purchased and given to Baxter, an Oregon resident.

On August 30, 1991, Baxter brought this diversity action against Sturm, Ruger, a Delaware corporation with corporate offices in Connecticut, asserting three claims. First, Baxter alleged that Sturm, Ruger was liable for injuries arising from the accidental discharge of the firearm pursuant to the Connecticut Product Liability Act, Connecticut General Statutes § 52–572m to 52–572r. Second, Baxter alleged that Sturm, Ruger had negligently performed a retrofit program, through which certain models of Sturm, Ruger firearms, like that owned by Baxter, were modified to eliminate a design and manufacturing defect that caused those firearms to discharge accidentally. Third, Baxter asserted a claim for punitive damages pursuant to Connecticut General Statutes § 52–240b.

Sturm, Ruger raised several affirmative defenses, including the assertion that Baxter's claims were barred by the Oregon statute of repose for product liability actions, Oregon Revised Statutes § 30.905. That provision states:

**Time limitation for commencement of action**

(1) Notwithstanding ORS 12.115 or 12.140 and except as provided in subsection (2) of this section and ORS 30.907, a product liability civil action shall be commenced not later than eight years after the date on which the product was first purchased for use or consumption.

(2) Except as provided in ORS 30.907, a product liability civil action shall be commenced not later than two years after the date on which the death, injury or damage complained of occurs.

The Oregon Supreme Court has held that the time limit in subsection (2) is subordinate to that in subsection (1), making eight years the outside time limit within which to file a product liability claim. *See Sealey v. Hicks,* 309 Ore. 387, 392, 788 P.2d 435, 437, *cert. denied,* 498 U.S. 819 [111 S.Ct. 65, 112 L.Ed.2d 39] (1990). Moreover, the *Sealey* Court characterized subsection (1) as a statute of repose because its prescribed time limit begins to run on the date of first purchase of the product, regardless of the date of injury. *Id.* This provision may, therefore, bar an action before an injury is sustained. By contrast, subsection (2) is a statute of limitation because its prescribed time period begins to run on the date of injury. *Id.*

Baxter moved for partial summary judgment on Sturm, Ruger's statute of repose defense, and Sturm, Ruger also moved for summary judgment on that ground. In deciding these motions, the district court first determined that, under Connecticut choice of law rules, Oregon substantive law would apply to Baxter's claims. The court then considered whether section 30.905 would be characterized as substantive or procedural under Connecticut choice of law rules. If section 30.905 were considered substantive, it would apply and would bar Baxter's product liability claims. If considered procedural, however, it would not apply. Rather, the district court would apply the statute of repose of Connecticut, the forum state. That statute, Connecticut General Statutes § 52–577a, provides in pertinent part:

**Limitation of action based on product liability claim**

(a) No product liability claim as defined in section 52–572m shall be brought but within three years from the date when the injury, death or property damage is first sustained or discovered or in the exercise of reasonable care should have been discovered except that, subject to subsections (c), (d) and (e), no such action may be brought against any party ... later than ten years from the date that the party last parted with possession or control of the product.

. . . .

(c) The ten-year limitation provided for in subsection (a) shall not apply to any product liability claim brought by a claimant who is not entitled to [workers'] compensation ..., provided the claimant can prove that the harm occurred during the useful safe life of the product.

From Sturm, Ruger's posture on this appeal, we understand it to have conceded that Baxter "can prove that the harm occurred during the useful safe life of the product."

The district court held that Connecticut courts would consider the Oregon statute of repose to be substantive for choice of law

purposes. Acknowledging the absence of a controlling decision from the Connecticut Supreme Court, the district court based its decision on "the weight of authority in other jurisdictions," see, e.g., Walls v. General Motors, 906 F.2d 143, 146 (5th Cir.1990), the Oregon Supreme Court's analysis of section 30.905 in Sealey, 309 Ore. at 392–94, 788 P.2d at 437–39, Chief Judge Cabranes' previous decision in a case involving Georgia's product liability statute, Feldt v. Sturm, Ruger & Co., 721 F.Supp. 403, 406 (D.Conn.1989), and a scholarly treatise, Russell J. Weintraub, Commentary on the Conflict of Laws 58 (3d ed. 1986). Accordingly, the district court granted Sturm, Ruger's motion for summary judgment on all of Baxter's claims.

Moreover, the district court decided several other motions, one of which was Sturm, Ruger's motion for certification of the statute of repose issue to the Connecticut Supreme Court. Baxter opposed the motion, and the district court denied it. Understandably, Baxter stated at oral argument before us that he no longer opposed certification.

On appeal, Baxter contends that the district court erred in concluding that Connecticut courts would characterize section 30.905 as substantive for choice of law purposes. Baxter also challenges the district court's dismissal of his negligence claim on the ground that section 30.905, even if applicable to his product liability claim, does not apply to claims of negligent acts or omissions that allegedly occurred after the sale of the product. Because Baxter's first contention raises an unsettled question of Connecticut law, we certify, sua sponte, the following question of law to the Connecticut Supreme Court:

Is a statute of repose, such as Oregon Revised Statutes § 30.905(1), properly considered substantive for choice of law purposes under Connecticut law?

Although Connecticut courts have characterized statutes of repose as procedural in certain contexts, see, e.g., Champagne v. Raybestos–Manhattan, Inc., 212 Conn. 509, 525–26, 562 A.2d 1100 (1989), those cases are not dispositive here. The Restatement (Second) of Conflict of Laws advises that, in determining the proper characterization of a legal concept for choice of law purposes, a

court should not automatically import a characterization of that concept from a non-choice of law context. Restatement (Second) of Conflict of Laws § 7, cmt. d, illus. 2, 3 (1971). Rather, courts should ascertain whether the policies underlying the substantive-procedural characterization in the non-choice of law context also support the use of that characterization in the choice of law context. *See id.* The certified issue thus involves policy choices that are best resolved by the Connecticut Supreme Court.

Moreover, decisions by courts in other jurisdictions about the proper characterization of statutes of repose in the choice of law context are not controlling here because district courts in diversity cases must apply the choice of law rules of the forum state. *Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496 [61 S.Ct. 1020, 1021, 85 L.Ed. 1477] (1941); *AroChem Int'l v. Buirkle,* 968 F.2d 266, 269–70 (2d Cir.1992); *Habenicht v. Sturm, Ruger & Co.,* 660 F.Supp. 52, 53 (D.Conn.1986). Accordingly, in this case, only Connecticut's characterization of statutes of repose is dispositive.

Finally, we note that, prior to the district court's decision in this case, several federal district courts in Connecticut had addressed the certified issue and had unanimously held that Connecticut courts would characterize statutes of repose as procedural. *See, e.g., Habenicht,* 660 F.Supp. at 53. Because those decisions have been called into question by the contrary decision of the district court in this case, resolution of the certified issue by the Connecticut Supreme Court will provide guidance to this Court and to the Connecticut district courts that may face the issue in the future.

The foregoing is hereby certified to the Supreme Court of Connecticut pursuant to Connecticut General Statutes § 51–199a as ordered by the United States Court of Appeals for the Second Circuit.

Dated at New York, New York, this 21st day of December, 1993.

GEORGE LANGE, III
Clerk, United States Court of Appeals for the Second Circuit
/s/ By: CAROLYN CLARK CAMPBELL
Carolyn Clark Campbell
Chief Deputy Clerk