William L. BAXTER, ppa Andrew T. Baxter, Plaintiff–Appellant, Third–Party–Defendant,

v.

STURM, RUGER & CO. INC., Defendant–Appellee, Third–Party–Plaintiff.

No. 296, Docket 93–7375.

United States Court of Appeals, Second Circuit.

Argued Oct. 22, 1993.

Certified to the Connecticut Supreme Court Dec. 21, 1993.

Submitted After Response of Connecticut Supreme Court July 26, 1994.

Decided Aug. 11, 1994.

William C. Longa, Bridgeport, CT (Beverly Stauffer Knapp, Zeldes, Needle & Cooper, of counsel), for appellant.

Robert L. Danaher, Southport, CT (Marsh, Day & Calhoun, of counsel), for appellee.

Before: MESKILL, PRATT and MAHONEY, Circuit Judges.

PER CURIAM:

This case returns to us after our certification of a question of Connecticut law to the Connecticut Supreme Court. Because the certification order sets forth the relevant background, *Baxter v. Sturm, Ruger & Co.*, 13 F.3d 40 (2d Cir.1993), we summarize that background only briefly.

In August 1991, the plaintiff, William L. Baxter, asserting diversity jurisdiction, brought three Connecticut state law claims against Sturm, Ruger and Co., Inc. (Sturm, Ruger), a Delaware corporation with corporate offices in Connecticut. Baxter, an Oregon resident, first asserted a product liability claim arising out of an injury allegedly sustained by Baxter's son when a Sturm, Ruger firearm owned by Baxter accidentally discharged. The second claim alleged that Sturm, Ruger had negligently performed a retrofit program on firearms like that owned by Baxter. Finally, Baxter asserted a claim for punitive damages. In a ruling not contested on appeal, the district court held that Oregon substantive law would apply to Baxter's claims.

As an affirmative defense, Sturm, Ruger asserted that Baxter's claims were time barred pursuant to Oregon Revised Statutes

§ 30.905(1). That statute provides in pertinent part that "a product liability civil action shall be commenced not later than eight years after the date on which the product was first purchased for use or consumption." Section 30.905(1) is characterized as a statute of repose because it begins to run on the date of first purchase of the product, rather than on the date of injury. Connecticut's analogous statute of repose provides that, except in certain circumstances not applicable here, a product liability claim shall not be barred if "the harm occurred during the useful safe life of the product." Connecticut General Statutes § 52–577a(c).

Both parties subsequently moved for summary judgment on the statute of repose defense. Baxter maintained that statutes of repose should be considered procedural for choice of law purposes and, therefore, that the forum state's statute of repose should apply. Sturm, Ruger countered that, under Connecticut choice of law rules, statutes of repose should be considered substantive and that the Oregon statute of repose thus would apply. Ruling on the summary judgment motions, the district court held that, under Connecticut choice of law rules, statutes of repose are substantive, rather than procedural, and that Connecticut law, therefore, called for application of Oregon's section 30.905(1). Because Baxter's action against Sturm, Ruger was brought more than eight years after the firearm had first been purchased, the district court concluded that the claims were time barred. Accordingly, the district court ordered judgment in favor of Sturm, Ruger on all of Baxter's claims.

Baxter appealed to this Court, primarily asserting that the district court had erred in determining that, under Connecticut law, statutes of repose were considered substantive. Because of the absence of Connecticut case law on this issue, we certified, *sua sponte*, the following question to Connecticut's highest court: "Is a statute of repose, such as Oregon Revised Statutes § 30.905(1), properly considered substantive for choice of law purposes under Connecticut law?" *See Baxter*, 13 F.3d at 42. The Connecticut Supreme Court, after a thorough discussion of the issue, answered our question in the nega-

tive. *Baxter v. Sturm, Ruger & Co.*, 230 Conn. 335, 347, 644 A.2d 1297 (1994). In accordance with that decision, we reverse the district court's determination that Baxter's claims are time barred.

In addition to raising the statute of repose issue on appeal, the parties briefed a second issue relating to the proper characterization, under Oregon law, of Baxter's negligent retrofit program claim. *See generally Erickson Air–Crane Co. v. United Technologies Corp.*, 303 Or. 281, 735 P.2d 614 (discussing whether Oregon product liability statute covers acts and omissions occurring after the product is first purchased), *modified*, 303 Or. 452, 736 P.2d 1023 (1987). Baxter contends that the district court's grant of summary judgment to Sturm, Ruger on the retrofit program claim was improper because that claim is a pure negligence claim that is not subject to the product liability statute of repose. Sturm, Ruger counters that the claim asserting a defective retrofit program is in fact a product liability claim and that it is, therefore, subject to the product liability statute of repose. The district court did not discuss this issue, although it was fairly before that court. In our view, on remand, the district court should consider whether Baxter's retrofit program is properly characterized, under Oregon law, as a product liability claim or a negligence claim, and, if a negligence claim, when the cause of action commenced and whether the claim is stale under Connecticut law. *Cf. United Food & Commercial Workers Union, Local 919 v. CenterMark Properties Meriden Square*, 30 F.3d 298, 306–07 (2d Cir. 1994) (court of appeals has discretion to remand an issue not considered by the district court).

## CONCLUSION

The judgment of the district court is reversed, and the matter is remanded for further proceedings consistent with this opinion.