Argued and submitted January 29, affirmed on appeal; cross-appeal dismissed
as moot June 3, 2015

Ronda LUNSFORD,
Personal Representative of the Estate of
Rodney Gale Lunsford, Deceased,
*Plaintiff-Appellant*
*Cross-Respondent,*

*v.*

NCH CORPORATION,
dba Certified Labs, and dba Chemsearch;
Aervoe Industries, Inc.,
fdba Zynolyte Products, Co., Inc.;
Rust-Oleum Corporation;
The Sherwin-Williams Company,
dba Dupli-Color Products, Co.,
and fdba Dupli-Color Products, Co.;
Dupli-Color Products, Co.;
and Rodda Paint, Co.,
*Defendants,*
*and*

DYNACCO, INC.,
*Defendant-Respondent*
*Cross-Appellant.*

DYNACCO, INC.,
*Third-Party Plaintiff,*

*v.*

RUDD COMPANY, INC.,
*Third-Party Defendant.*

Multnomah County Circuit Court
110912644; A154902

351 P3d 804

J. Randolph Pickett argued the cause for appellant-cross-respondent. With him on the briefs were R. Brendan Dummingan, Kristen West McCall, Kimberly O. Weingart, and Pickett Dummingan LLP.

Leslie A. Kocher-Moar argued the cause for respondent-cross-appellant. With her on the briefs were Robert D. Scholz, Megan L. Ferris, Chris L. Wyrostek, and MacMillan, Scholz & Marks, P.C.

Before Duncan, Presiding Judge, and Lagesen, Judge, and Flynn, Judge.

FLYNN, J.

**FLYNN, J.**

Plaintiff, personal representative of the estate of Rodney Gale Lunsford (decedent), appeals from a judgment dismissing her product liability action against defendant Dynacco, Inc., because the action was not commenced within 10 years of sale of the product, as required by ORS 30.905(3)(b) (2008), *amended by* Oregon Laws 2009, chapter 485, section 1 (the product liability statute of ultimate repose).[1] Plaintiff argues that ORS 30.905(3)(b) (2008) violates the Oregon Constitution, specifically the remedy clause of Article I, section 10, and the jury trial clause of Article I, section 17. We conclude that existing Supreme Court case law controls our disposition of both challenges and, accordingly, affirm.

## I. BACKGROUND

The trial court granted a dismissal under ORCP 21 A(9), which is proper if "the pleading shows that the action has not been commenced within the time limited by statute." On review of the dismissal, "we must liberally construe the pleadings and draw all inferences in plaintiff's favor." *Simonsen v. Ford Motor Co.*, 196 Or App 460, 473, 102 P3d 710 (2004), *rev den*, 338 Or 681 (2005) (citation omitted). According to the operative pleading—the third amended complaint—decedent died September 29, 2008, as a consequence of "Acute Myelogenous Leukemia" (AML) caused by long-term exposure to unreasonably dangerous benzene-containing products. One of those products was "Quick Shot," a product manufactured by defendant, purchased by decedent's employer in 1995, and used by decedent approximately once a month from the mid-1990s to the time he was diagnosed with AML. Plaintiff filed this wrongful death action in 2011, which alleges that defendant and others are liable for decedent's death under theories of both negligence and strict product liability. The trial court ruled that the claims against defendant were barred by ORS 30.905(3)(b) (2008) and entered a limited judgment of dismissal, from which plaintiff appeals.

---

[1] The 2009 amendments to ORS 30.905—which, among other changes, extend the ultimate repose period for products manufactured in or imported into states with longer periods of repose—apply only to claims arising after January 1, 2010. Or Laws 2009, ch 485, §§ 1-2.

## II. ANALYSIS

As pertinent to this appeal, ORS 30.905 (2008) provided, in part:

"(3)    * * * a product liability civil action[2] for death must be commenced not later than the earlier of:

"* * * * *

"(b)    Ten years after the date on which the product was first purchased for use or consumption."

Plaintiff does not dispute that her claim is facially barred by ORS 30.905(3)(b) (2008), but argues that the limitation violates Article I, section 10, and Article I, section 17, of the Oregon Constitution. The Supreme Court has previously upheld the statute of repose found in ORS 30.905 against challenges under the same constitutional provisions. *Sealey v. Hicks*, 309 Or 387, 396, 788 P2d 435 (1990), *overruled in part by Smothers v. Gresham Transfer, Inc.*, 332 Or 83, 123, 23 P3d 333 (2001). Plaintiff argues, however, that subsequent decisions of the Supreme Court now require a different answer.

A.  *Article I, Section 10*

The remedy clause of Article I, section 10, provides that "every man shall have remedy by due course of law for injury done him in his person, property, or reputation." Because a cause of action does not accrue until the "plaintiff has suffered an actual loss[,]" *see Lowe v. Philip Morris USA, Inc.*, 344 Or 403, 410, 183 P3d 181 (2008) (internal quotation marks and citations omitted), a statute of ultimate repose arguably precludes a "remedy by due course of law" for wrongfully caused harm that occurs too long after the tortious conduct.

Plaintiff recognizes that *Sealey* rejected a similar remedy-clause challenge to ORS 30.905 based on reasoning that "[t]he legislature has the authority to determine

---

[2] There is no dispute that both the negligence and strict liability claims are governed by this limitation because they allege death caused by a defective product. *See Kambury v. DaimlerChrysler Corp.*, 185 Or App 635, 639, 60 P3d 1103 (2003) (a product liability civil action "embraces all theories a plaintiff can claim in an action based on a product defect," including both negligence and strict liability claims).

what constitutes a legally cognizable injury." 309 Or at 394-95. In addition, this court's decision in *Davis v. Whiting Corporation*, 66 Or App 541, 543, 674 P2d 1194, *rev den*, 297 Or 82 (1984), which predated *Sealey*, applied the same interpretation of Article I, Section 10, to also reject a remedy-clause challenge to ORS 30.905. Plaintiff points out, however, that the Supreme Court has since disavowed *Sealey*'s interpretation of the remedy clause. Plaintiff urges us to expressly disavow *Davis*, revisit the question, and hold that ORS 30.905(3)(b) (2008) violates the remedy clause.

As an initial matter, we agree with plaintiff that *Sealey* and *Davis* are no longer controlling precedent with respect to whether ORS 30.905(3)(b) (2008) violates the remedy clause. In *Smothers*, the Supreme Court expressly "disavow[ed]" the line of cases—including *Sealey*—in which it had interpreted the remedy clause as allowing the legislature to "abolish or alter absolute rights respecting person, property, or reputation that existed when the Oregon Constitution was drafted * * *." 332 Or at 119. The court in *Smothers* announced that the constitutionality of a statute under the remedy clause depends, instead, on whether the common law of Oregon when the drafters wrote the Oregon Constitution in 1857 recognized a cause of action for the alleged injury and, if so, whether the legislature has "abolished the common-law cause of action" without providing "a constitutionally adequate substitute remedy for the common-law cause of action for that injury." *Id.* at 124. *Smothers* effectively overruled the remedy clause holding of *Davis*, which relied on the same "disavowed" interpretation.

That does not mean, however, that this court is now free to declare that ORS 30.905(3)(b) (2008) violates the remedy clause. The issue under the remedy clause is whether plaintiff's particular alleged injury is one for which the common law recognized a cause of action. *See Juarez v. Windsor Rock Products, Inc.*, 341 Or 160, 165, 144 P3d 211 (2006) ("In addressing the first question in the *Smothers* analysis, our initial task is to identify the relevant circumstances of the alleged injury."). The alleged injury here is economic loss to decedent's estate, a loss of "society and companionship" to decedent's daughters, and other noneconomic

damages, resulting from the wrongful death of plaintiff's decedent. Defendant points out that the Supreme Court has repeatedly described actions for wrongful death as not among those recognized by the common law in 1857. *See, e.g., Storm v. McClung*, 334 Or 210, 222 n 4, 47 P3d 476 (2002) (stating proposition that wrongful death is an entirely statutory cause of action and has no basis in the common law); *Kilminster v. Day Management Corp.*, 323 Or 618, 627, 919 P2d 474 (1996) (same). Thus, under the *Smothers* framework, wrongful death actions would not be protected by the remedy clause.

In the past decade, the Supreme Court has considered the historical accuracy of the premise that wrongful death actions have no basis in the common law—and no protection under the remedy clause—but has not disavowed its prior opinions. In *Juarez*, after describing the plaintiff's evidence of common-law actions for wrongful death, the court saw no need to reconsider its prior holdings, because the wrongful death injury claimed by the plaintiffs, who did not allege "that they were dependent on decedent for his services or financial assistance, that decedent had any legal obligation to provide such support, or that they had any other legal interest in his income[,]" was not an injury to their "person, property, or reputation," that would have been recognized by the common law in 1857. 341 Or at 169, 173. In *Hughes v. PeaceHealth*, 344 Or 142, 152, 178 P3d 225 (2008), the court again undertook a detailed reanalysis of the historical evidence for common-law wrongful death actions and concluded:

> "Even if we were to accept the notion that there was some general movement in the common law of the early nineteenth century that might, had it been left alone, eventually have grown into a common-law recognition of a wrongful death action, there is no basis for us further to conclude that the common law would have recognized the particular cause of action that plaintiff now asserts—an action seeking damages for *all* injuries occasioned by the wrongful death of a family member, including mental suffering and loss of society and care, without limitation of any kind."

(Emphasis in original.) Although, as in *Juarez*, the *Hughes* decision may leave open the possibility of some future

wrongful death plaintiff alleging a protected injury, it also leaves intact the court's prior broad-brush statements that wrongful death actions were not recognized by the common law in 1857. The decisions of the Supreme Court leave no room for this court to decide that plaintiff has alleged an injury to "person, property, or reputation" for which the common law recognized a cause of action in 1857.[3]

Indeed, plaintiff does not specifically ask us to hold that her action for wrongful death would have been recognized by the common law in 1857. Instead, plaintiff argues that, in *Foster v. Miramontes*, 352 Or 401, 425, 287 P3d 1045 (2012), the Supreme Court "implicitly overruled"—or at least invited challenges to—*Smothers*'s conclusion that the remedy clause protects only causes of action that existed at common law in 1857. *Foster* holds that there is a right to jury trial in a claim for damages based on the violation of a stalking protective order because the claim is of "like nature" to others that existed in 1857. 352 Or at 413, 426. We disagree with plaintiff's suggestion that the "forward-looking approach" implicitly overrules *Smothers*. First, *Foster* is not a remedy clause case and does not even mention *Smothers*. Moreover, the "forward-looking approach" to Article I, section 17, is not new; it reflects the court's longstanding interpretation of the right to jury trial as guaranteed "not only in those cases in which the right was customary at the time the constitution was adopted" but also in "cases of like nature as they may hereafter arise." *Id.* at 407 (internal quotation marks and citation omitted).

Plaintiff also cites Justice Landau's concurrence in *Klutschkowski v. PeaceHealth*, 354 Or 150, 178, 311 P3d 461 (2013), which emphasizes the ways in which the "hyper-originalism" required by a focus on common-law rights that

---

[3] Plaintiff's remedy clause argument would also require us to disavow—or somehow distinguish—our post-*Smothers* decision in *Barke v. Maeyens*, 176 Or App 471, 481, 31 P3d 1133 (2001), *rev den*, 333 Or 655 (2002). *Barke* upheld the statute of ultimate repose for medical negligence actions against a remedy clause challenge based on our determination that statutes of limitation in existence in 1857 effectively operated as ultimate repose limitations on common law actions: "In short, plaintiff's action would have been time barred under the law as it existed at the time that Article I, section 10 was enacted, just as it is barred under current law." 176 Or App at 482-83. Plaintiff does not ask us to disavow *Barke* or suggest a basis on which we would distinguish it.

vested in 1857 is "untenable." Plaintiff may be correct that Justice Landau's concurring opinion is an "invitation" to litigants to challenge the reasoning of *Smothers* and *Hughes*. But it is not an "invitation" to this court to ignore the controlling Supreme Court precedent. *See State v. Turner*, 235 Or App 462, 466, 234 P3d 993 (2010) ("[W]e remain bound by Supreme Court precedent until such time as that court reconsiders and disavows it.").

B.  *Article I, Section 17*

Article I, section 17, provides, "In all civil cases the right of Trial by Jury shall remain inviolate." As plaintiff recognizes, *Sealey* also presents an obstacle to her challenge to the statute of repose under Article I, section 17. The Supreme Court held in *Sealey* that ORS 30.905 does not violate Article I, section 17, because "Section 17 is designed to guarantee a jury trial when a right to a trial exists in a civil action. It is not an independent guarantee of the existence of a cognizable claim." 309 Or at 396. Unlike the remedy clause analysis employed in *Sealey*, the decision's jury trial analysis has not been disavowed. *See, e.g., Jensen v. Whitlow*, 334 Or 412, 422, 51 P3d 599 (2002) (relying on the Article I, section 17, holding of *Sealey*). Indeed subsequent cases have repeatedly reiterated the principle that "'Article I, section 17, is not a source of law that creates or retains a substantive claim or a theory of recovery in favor of any party.'" *See, e.g., Hughes*, 344 Or at 155 (quoting *Jensen*, 334 Or at 422, and citing other cases).

As plaintiff points out, the Supreme Court has emphasized that "Article I, section 17, guarantees a jury trial in civil actions for which the common law provided a jury trial when the Oregon Constitution was adopted in 1857 and in cases of like nature." *Lakin v. Senco Products, Inc.*, 329 Or 62, 82, 987 P2d 463 (1999). That extension to "cases of like nature," however, does not aid plaintiff's argument. The question here is not whether plaintiff would have a right to a jury trial if the claims against defendant were cognizable; the question is whether Article I, section 17, guarantees the existence of a cognizable claim against defendant. *Sealey*'s answer is "no," and this court is bound by it. 309 Or at 396.

## III.   CONCLUSION

The trial court did not err in dismissing the claims against defendant pursuant to ORS 30.905(3)(b) (2008).[4]

Affirmed on appeal; cross-appeal dismissed as moot.

---

[4] Defendant also moved for summary judgment on the same statutory basis, and the trial court denied that motion as "moot." Defendant challenges the mootness ruling through a cross-appeal "in an abundance of caution." Because the trial court's judgment was "without prejudice"—while a grant of summary judgment would have resulted in dismissal "with prejudice"—defendant's challenge is not necessarily a miscast cross-assignment. *See* ORAP 5.57(2)(a) (cross-assignment of error is appropriate if the respondent's challenge "does not seek to reverse or modify the judgment on appeal"). Nevertheless, given the identity of issues, our decision to affirm the judgment of dismissal fully disposes of plaintiff's claims against defendant and obviates the need to decide what is essentially a conditional cross-appeal. *See Patrick v. Otteman,* 158 Or App 175, 188, 974 P2d 217, *rev den,* 328 Or 594 (1999) (dismissing conditional cross-appeal as "moot" because the affirmance on the appeal obviated any need to consider it).