Argued and submitted February 13, affirmed November 8, 1995

# OAK CREST CONSTRUCTION COMPANY,
*Appellant,*

*v.*

# AUSTIN MUTUAL INSURANCE COMPANY,
a Minnesota corporation,
*Respondent.*

(93C13423; CA A84861)

905 P2d 848

J. Michael Alexander argued the cause for appellant. With him on the briefs was Burt, Swanson, Lathen, Alexander, McCann & Smith.

Carl Amala argued the cause for respondent. With him on the brief was J. P. Harris II, P.C.

Before Riggs, Presiding Judge, and Landau* and Leeson, Judges.

LANDAU, J.

---

* Landau, J., *vice* Richardson, C. J.

**LANDAU, J.**

Plaintiff appeals from a summary judgment entered in favor of defendant in this action for breach of a contract to provide insurance coverage. We affirm.

The facts are undisputed. Plaintiff is a general contractor engaged in the construction of residential homes. Defendant insures plaintiff under a commercial liability policy. Plaintiff was hired to build a custom house, and it retained a subcontractor to paint the cabinets and other woodwork in the home. The subcontractor completed that painting work. Approximately two to three weeks later, the paint failed to cure properly in some unspecified way. Plaintiff hired another subcontractor to repair the painting and expended $10,240 in the process. Plaintiff then submitted a claim to defendant, who denied coverage.

Plaintiff brought this action for breach of the insurance policy. Defendant denied liability and alleged the applicability of various exclusions from coverage as affirmative defenses. Defendant moved for summary judgment on the basis of the exclusions. Plaintiff also moved for summary judgment. In support of its motion, plaintiff offered the affidavit of its principal, who averred to the foregoing facts. Plaintiff argued that its liability for the repair of the painting performed by its subcontractor arose out of property damage caused by an "occurrence" within the meaning of the policy and that no exclusions from coverage applied. Defendant did not contest the facts, but argued that it, and not plaintiff, was entitled to judgment as a matter of law. In particular, defendant argued that plaintiff's claim was not covered, because the undisputed facts show that the property damage to the house was not caused by an "occurrence."[1]

The trial court denied plaintiff's motion and granted defendant's. In a letter opinion, the court concluded that the property damage was caused by an "occurrence," within the meaning of the policy, but that several exclusions applied. The court entered judgment for defendant.

---

[1] In its memorandum in opposition to plaintiff's summary judgment motion, defendant expressly asserted the absence of an "occurrence" as an alternative ground for granting defendant's own motion.

On appeal, plaintiff argues that the trial court erred in granting defendant's motion and in denying plaintiff's. Defendant argues that the trial court correctly entered judgment in its favor because the property damage in this case was not caused by an "occurrence," as defined in the policy, and because the exclusions on which it relied in its motion apply. We address only whether the property damage was caused by an "occurrence," because we find that issue dispositive.[2] In addressing that question, we draw all reasonable inferences from the undisputed facts in favor of the nonmoving party to determine whether the movant is entitled to judgment as a matter of law. *Seeborg v. General Motors Corporation*, 284 Or 695, 699, 588 P2d 1100 (1978).

Plaintiff argues that two provisions, for property damage and for "products/completed work," apply to this case. The first provides coverage for

"all sums which an **insured** becomes legally obligated to pay as damages due to **bodily injury** or **property damage** to which this insurance applies. The **bodily injury** or **property damage** must be caused by an **occurrence**."

(Boldface in original.) The second provision extends coverage for

"all sums which an **insured** becomes legally obligated to pay as damages due to **bodily injury** or **property damage** arising out of the **Products/Completed Work Hazard** to which this insurance applies. The **bodily injury** or **property damage** must be caused by an **occurrence**."

(Boldface in original.) In both cases, property damage must be caused by an "occurrence" for coverage to be required. The

---

[2] Plaintiff argues that we may not consider this issue, because

"the trial judge specifically found that the facts in this case gave rise to an occurrence. If the Defendant wishes to challenge this portion of the ruling below, it should have designated a cross-assignment of error."

We disagree. The trial court's various reasons for its ruling on the motions for summary judgment are not independently assignable as error. "Rulings" must be assigned or cross-assigned as error, not the reasons for the rulings. ORAP 5.57. In this case, the only rulings at issue are the trial court's decisions to grant defendant's motion for summary judgment and to deny plaintiff's cross-motion. Defendant's argument that the trial court was correct in both instances, because the property damage was not caused by an "occurrence," is merely an argument that the court was correct for the wrong reason. *Huff v. Bretz*, 285 Or 507, 519, 592 P2d 204 (1979); *Artman v. Ray*, 263 Or 529, 532-34, 501 P2d 63 (1972).

policy defines "occurrence" as "an accident and includes repeated exposure to similar conditions." The policy does not define "accident."

∎     Defendant argues that neither coverage provision applies, because the undisputed facts show that the property damage was not caused by an accident. According to defendant, the evidence demonstrates that the subcontractor intentionally applied paint to the cabinets and woodwork, and that property damage — in this case, improper curing — resulted. Thus, defendant concludes, the property damage was caused by the intentional act of the subcontractor, not by an accident.

Plaintiff does not dispute that the subcontractor intended to apply the paint. Nevertheless, plaintiff argues that the term "accident" should be broadly construed to include the unintended consequences of intended acts. Relying on *Ramco, Inc. v. Pacific Ins.*, 249 Or 666, 439 P2d 1002 (1968), plaintiff argues that, because the property damage was unanticipated, it was accidental.

Even assuming that plaintiff is correct that the policy term "accident" refers to the unintended consequences of intended acts, plaintiff's argument fails. The policy requires that the property damage be *caused by* an accident, not that the property damage itself *be* an accident. The *Ramco* decision, on which plaintiff relies, illustrates the distinction. In that case, the plaintiff, a manufacturer of electric baseboard heaters, obtained from the defendant a products liability policy covering "injury to * * * property * * * caused by accident." A motel owner installed the plaintiff's heaters, but they malfunctioned, causing substantial property damage. The motel owner claimed damages against the plaintiff, and the plaintiff submitted a claim under its policy. The defendant denied the claim. The trial court directed a verdict for the plaintiff, and the Supreme Court affirmed, because the property damage *was a result of* the unexpected malfunction of the product. *Id.* at 673.[3] In this case, the property damage

---

[3] The court relied on a number of cases from other jurisdictions, including *Bundy Tubing Company v. Royal Indemnity Company*, 298 F2d 151 (6th Cir 1962); *Hauenstein v. Saint Paul-Mercury Indemn. Co.*, 242 Minn 354, 65 NW2d 122 (1954); *Geddes & Smith, Inc. v. Saint Paul-Mercury Indemn. Co.*, 51 Cal 2d 558, 334 P2d 881 (1959). The court noted that, in each of those cases, the property damage

was not the result of an unexpected event; the property damage was itself the unexpected event. Thus, even under plaintiff's reading of the policy, the property damage was not caused by an accident; it was undisputedly caused by the subcontractor's intentional act.

The trial court, therefore, correctly entered summary judgment in favor of defendant.

Affirmed.

*I.*

resulted from the unforeseen and unintended failure of the product. *Ramco*, 249 Or at 670-73.