Argued and submitted June 10, judgment of dismissal with respect to specification "C" of plaintiff's claim for negligence reversed and remanded; otherwise affirmed December 8, 2004

Melissa R. SIMONSEN,
*Appellant,*

*v.*

FORD MOTOR COMPANY,
a Delaware corporation,
*Respondent,*

*and*

Dewey P. MILTON
and State of Oregon,
by and through the Department of Transportation,
*Defendants below.*

01 C19139; A119931

102 P3d 710

Manuel C. Hernandez argued the cause for appellant. With him on the briefs was Hernandez & Associates, LLC.

Michael T. Garone argued the cause for respondent. With him on the brief were Nancy M. Erfle, Anne Talcott, and Schwabe, Williamson & Wyatt.

Before Haselton, Presiding Judge, and Linder and Ortega, Judges.

HASELTON, P. J.

## HASELTON, P. J.

Plaintiff, who was severely injured in an accident while driving a car manufactured by defendant, appeals from a judgment dismissing her claims against defendant pursuant to ORCP 21 A(9). The trial court determined that plaintiff's claims were barred by the statute of ultimate repose for product liability civil actions, ORS 30.905(1) (2001),[1] and the statute of limitations for breach of warranty claims, ORS 72.7250(1). As explained below, we affirm the trial court's disposition with respect to two of plaintiff's three specifications of negligence and her warranty claims. However, plaintiff's remaining specification of negligence alleged conduct that was not subject to ORS 30.905(1) and, from the pleadings, we cannot determine whether that specification is barred by the applicable statutes of limitations and ultimate repose, ORS 12.110 and ORS 12.115. Accordingly, we reverse and remand the dismissal of that specification.

We liberally construe the operative pleading—the first amended complaint—in assessing the sufficiency of plaintiff's claims, ORCP 21 A, and assume the truth of the facts alleged, drawing all inferences in plaintiff's favor. *Hinkley v. Eugene Water & Electric Board*, 189 Or App 181, 183, 74 P3d 1146 (2003). According to the first amended complaint, plaintiff was injured while driving "a 1989 Ford Festiva [that] was manufactured and sold as a new vehicle to a previous owner" by defendant, and then "re-sold" to plaintiff in November 1994. The accident occurred the following month. On December 26, 1994, as plaintiff was driving along the Oregon coast highway during a rain storm, strong winds forced the Festiva into the oncoming lane, where it collided with a 24-foot motor home driven by Dewey Milton.[2] Plaintiff

---

[1] ORS 30.905 was amended in 2003. Or Laws 2003, ch 768, § 1. The amendments are inapplicable to this case. *See id.* at § 2. The operative language of ORS 30.905 discussed in this opinion has remained largely unchanged since the statute's enactment in 1977. *See* Or Laws 1977, ch 843, § 3; Or Laws 1983, ch 143, § 1; Or Laws 1993, ch 259, § 6. For simplicity, all references in this opinion are to the 2001 version of the statute.

[2] Plaintiff named two other parties—Milton and the State of Oregon by and through the Department of Transportation—as defendants in the caption of both the complaint and the first amended complaint. This appeal does not involve those two defendants. Therefore, "defendant" as used in this opinion refers exclusively to defendant Ford Motor Company.

suffered severe, life-altering injuries, including extensive brain injury, and, for some period of time, was rendered "insane."

Plaintiff filed this action in October 2001. In her initial complaint, plaintiff alleged two claims against defendant—one for "product liability/negligence" and the other for "breach of warranty." Defendant moved to dismiss the complaint under ORCP 21 A, arguing that plaintiff's "product liability/negligence" claim was untimely under the eight-year statute of ultimate repose, ORS 30.905(1), and the two-year statute of limitations, ORS 30.905(2), for a product liability civil action.[3] Defendant also argued that the breach of warranty claim was untimely under the applicable statute of limitations, ORS 72.7250(1), and that plaintiff had failed to provide adequate notice as required by ORS 72.6070(3)(a).[4] Plaintiff responded that, because she met the legal definition of "insane," she was entitled to a tolling of the limitations provision under ORS 12.160 and, given that tolling, her claims were timely.[5] Plaintiff also argued that the filing of the complaint constituted adequate notice for purposes of ORS 72.6070.

The trial court allowed defendant's motion to dismiss. With respect to plaintiff's "product liability/negligence" claim, the court held that that claim was subject to ORS 30.905(1) and that the operation of that statute of ultimate

---

[3] The pertinent text of ORS 30.905 (2001) is set out below. *See* 196 Or App at 467.

[4] ORS 72.7250 provides, in part:

"(1) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. * * *"

"(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered."

ORS 72.6070(3) provides, in part:

"Where a tender has been accepted:

"(a) The buyer must within a reasonable time after the buyer discovers or should have discovered any breach notify the seller of breach or be barred from any remedy[.]"

[5] ORS 12.160 is set out below. *See* 196 Or App at 474.

repose "[was] not tolled by plaintiff's insanity." With respect to the breach of warranty claims, the trial court determined that plaintiff failed to plead any explicit extension of defendant's warranty to future performance and, under ORS 72.7250(2), the "warranty started running in 1989 upon the original purchase of the vehicle." Accordingly, the court dismissed that claim as untimely, concluding that, although ORS 12.160 might apply to toll the limitations period in breach of warranty claims, "the four-year statute [of limitations under ORS 72.7250(1)] would have run in 1993" and "would not have been tolled because plaintiff claims that her insanity was caused by the 1994 car crash." The court's order of dismissal was without prejudice.

Plaintiff then filed her first amended complaint. In that complaint, she alleged three claims against defendant— one claim for "negligence" and two claims that included overlapping allegations of breaches of warranties of merchantability.[6] As pertinent to our review, the first amended complaint alleged generally:

"[T]he Ford Festiva developed a latent defect in the front control arm of the steering mechanism which required a recall in 1996. The defect in the steering mechanism contributes substantially to the Festiva's propensity to become unstable and result in loss of control.

"* * * * *

"Plaintiff was rendered insane due to her extensive brain injuries."

Plaintiff's claim for "negligence" alleged that defendant was negligent in three particulars:

"A. In failing to timely discover the latent defect in the control arm and issue a recall before December 26, 1994;

"B. By delaying the recall notice until June 20, 1996;

---

[6] Although styled as a claim for "breach of implied warranty," plaintiff's fourth claim for relief alleges that defendant "expressly warranted the future performance of the Festiva[.]"

"C. By failing to adequately test to discover the latent defect once Defendant Ford began receiving reports of serious injury and fatality attributed to loss of control by the driver[.]"

Plaintiff's third claim, for "breach of implied warranty," alleged that defendant:

"[W]arranted the future performance of the Festiva for 6 years or 100,000 miles, that the Festiva was of a quality that would at least pass without objection in the trade, and was fit for the ordinary purposes for which such vehicles are used, and in all other respects was of merchantable quality."

The first amended complaint lists eight particulars describing how defendant breached that warranty. The fourth claim is similar, except that it refers to an express warranty of future performance. *See* 196 Or App at 464 n 6.

Defendant again moved to dismiss under ORCP 21 A, reiterating its argument that the negligence claim was barred by ORS 30.905(1). Defendant treated the third claim as one for breach of the implied warranty of merchantability and the fourth claim as one for breach of an express warranty, and argued that both claims should be dismissed for lack of privity and lack of notice, and, with respect to the implied warranty claim, untimeliness. The trial court granted the motion, concluding that "plaintiff's First Amended Complaint does not cure the defects which the court previously ruled upon" and that "there is no tolling of the Statute of Ultimate Repose." Accordingly, in October 2002, the court entered an ORCP 67 B judgment dismissing all claims against defendant with prejudice.

On appeal, plaintiff raises six "assignments of error," each of which takes issue with different aspects of the trial court's *reasoning* in dismissing her negligence and warranty claims.[7] For purposes of analytic clarity and cogency, we

---

[7] As we have endeavored to explain, assignments of error are to be directed against *rulings* by the tribunal and not against components of the tribunal's reasoning or analysis that underlie that ruling. *See* ORAP 5.45(3); *Oak Crest Const. Co. v. Austin Mutual Ins. Co.*, 137 Or App 475, 478 n 2, 905 P2d 848 (1995), *aff'd*, 329 Or 620, 998 P2d 1254 (2000) (" 'Rulings' must be assigned or cross-assigned as error, not the reasons for the ruling."). Thus, if, as here, the trial court held that a

group plaintiff's "assignments of error" as appropriate and address, in turn, the propriety of the trial court's dismissal of plaintiff's negligence claim and of her warranty claims, beginning with the timeliness of plaintiff's individual specifications of negligence.

## I. PLAINTIFF'S NEGLIGENCE CLAIM

■ As noted, plaintiff's first amended complaint alleged that defendant was negligent in three particulars:

"A. In failing to timely discover the latent defect in the control arm and issue a recall before December 26, 1994;

"B. By delaying the recall notice until June 20, 1996;

"C. By failing to adequately test to discover the latent defect once Defendant Ford began receiving reports of serious injury and fatality attributed to loss of control by the driver[.]"

The trial court necessarily concluded that the gravamen of each of those specifications rendered each subject to the ultimate repose bar for "product liability civil actions," ORS 30.905(1). ORS 30.900 defines a "product liability civil action" as

"a civil action brought against a manufacturer, distributor, seller or lessor of a product for damages for personal injury, death or property damage arising out of:

"(1) Any design, inspection, testing, manufacturing or other defect in a product;

"(2) Any failure to warn regarding a product; or

"(3) Any failure to properly instruct in the use of a product."

A product liability civil action "embraces all theories a plaintiff can claim in an action based on a product defect," including, for example, negligence, strict liability, breach of warranty, and fraudulent misrepresentation. *Kambury v.*

___

negligence claim was barred because (1) that claim alleged a "product liability civil action" that was subject to ORS 30.905(1); and (2) the statute of ultimate repose of ORS 30.905(1) cannot be extended by the "insanity tolling" provision of ORS 12.160, there is, properly, one assignment of error—to the dismissal of the negligence claim—and not two.

*DaimlerChrysler Corp.*, 185 Or App 635, 639, 60 P3d 1103 (2003); *see Philpott v. A.H. Robins Co., Inc.*, 710 F2d 1422 (9th Cir 1983) (cited with approval in *Kambury*).

ORS 30.905 (2001) provided, in part:

"(1) Notwithstanding ORS 12.115 or 12.140 and except as provided in subsection (2) of this section * * *, a product liability civil action shall be commenced not later than eight years after the date on which the product was first purchased for use or consumption.

"(2) * * * [A] product liability civil action shall be commenced not later than two years after the date on which the death, injury or damage complained of occurs."

Here, the Festiva was "first purchased for use or consumption" in 1989.[8] Thus, if ORS 30.905(1) controls, plaintiff's negligence claim was long time-barred by the time plaintiff filed this action in 2001.

On appeal, as before the trial court, plaintiff advances three principal reasons for why ORS 30.905(1) is not preclusive. First, plaintiff asserts that some or all of her specifications plead post-sale conduct by defendant that does not fall within the ambit of a "product liability civil action," as defined in ORS 30.900. Particularly invoking *Erickson Air-Crane Co. v. United Tech. Corp.*, 303 Or 281, 289, 735 P2d 614 (1987), and *Kambury*, 185 Or App 635, plaintiff argues that those specifications are, instead, governed by the generic limitations and ultimate repose provisions for negligence actions, ORS 12.110 and ORS 12.115.[9]

---

[8] On appeal, plaintiff argues, for the first time, that her pleadings do not disclose a date of first purchase. However, before the trial court, plaintiff twice admitted that the Festiva was first purchased in 1989. In plaintiff's response to defendant's supplemental reply in support of its motion to dismiss the complaint, plaintiff acknowledged that, "[w]hile the vehicle *was originally purchased in 1989*, the statute of limitations on a claim cannot begin to run until there is an injury." (Emphasis added.) Likewise, in plaintiff's response to defendant's motion to dismiss the amended complaint, plaintiff conceded that "[h]ere, an automobile is re-sold to Plaintiff *when the vehicle is 5 years old*." (Emphasis added.) We reject plaintiff's argument without further discussion.

[9] As relevant here, ORS 12.110 provides, in part:

"(1) An action for assault, battery, false imprisonment, or for any injury to the person or rights of another, not arising on contract, and not especially enumerated in this chapter, shall be commenced within two years[.]"

Second, plaintiff asserts that, pursuant to ORS 12.160, the two-year limitation of ORS 12.110(1) was tolled up to a maximum of five additional years because of plaintiff's post-accident "insanity." Thus, plaintiff reasons, her negligence claim was not barred by ORS 12.110(1) because it was brought within seven years (two years plus five years' "tolling") of her injury and it was not barred by ORS 12.115 because it was brought within 10 years of her injury.

Third, plaintiff asserts that, even if all of her specifications of negligence are subject to ORS 30.905(1), that ultimate repose period was, nevertheless, tolled by operation of ORS 12.160. Thus, extending the ultimate repose bar an additional five years, the negligence claim was timely.[10]

As described below, we conclude: (1) Specifications "A" and "B" of plaintiff's negligence claim are subject to ORS 30.905(1), but specification "C" is not. (2) The tolling provisions of ORS 12.160 do not extend the ultimate repose period of ORS 30.905(1) and, thus, specifications "A" and "B" are time-barred. (3) The allegations of plaintiff's first amended complaint do not affirmatively disclose that specification "C" is time-barred either under ORS 12.110(1), as tolled by ORS 12.160, or under ORS 12.115; consequently, that specification was not subject to dismissal under ORCP 21 A(9).

A. *Are some, or all, of plaintiff's negligence allegations subject to ORS 30.905(1)?*

Plaintiff contends, correctly, that not all allegations of negligence against a product manufacturer or supplier are subject to ORS 30.905(1). Rather, some post-sale conduct by a manufacturer or supplier can give rise to a negligence claim governed by ORS 12.110(1) and ORS 12.115. *See, e.g., Erickson Air-Crane Co.*, 303 Or 281; *Kambury*, 185 Or App

---

ORS 12.115 provides, in part:

"(1) In no event shall any action for negligent injury to person or property of another be commenced more than 10 years from the date of the act or omission complained of."

[10] Plaintiff also argues, for the first time on appeal, that, if ORS 30.905(1) bars her negligence claim, under "established notions of due process" the statute's application in these circumstances would be unconstitutional. Because that contention was not preserved, we do not address it.

635. The threshold question here is the proper characterization or categorization of plaintiff's three specifications of negligence. Our inquiry begins with *Erickson Air-Crane Co.*

In *Erickson Air-Crane Co.*, the plaintiff purchased a helicopter from the defendant in 1971. In 1977 and 1978, the defendant provided the plaintiff with information indicating that one of the helicopter's compressor disks had a useful safe life of 6,000 hours. 303 Or at 285. The actual useful safe life was 4,000 hours. Relying on the erroneous information, the plaintiff continued flying the helicopter beyond the 4,000-hour safe life and, in 1981, the helicopter crashed. *Id.* at 284-85.

In 1983, the plaintiff filed an action against the defendant, alleging that the defendant had been negligent in "providing erroneous information, in failing to warn plaintiff that the 6,000-hour figure was erroneous and in failing to warn that the use of the helicopter beyond the 4,000-hour limit was dangerous." *Id.* The defendant moved to dismiss the action as being barred under ORS 30.905(1), and the trial court denied that motion. *Id.* Ultimately, the jury returned a verdict for the plaintiff.

The Supreme Court affirmed, rejecting the defendant's contention that the action was time-barred. In particular, the court addressed whether the plaintiff's negligence action "is governed (and, consequently, barred) by the eight-year limitation period provided by ORS 30.905(1) for product liability civil actions or, instead, is governed by the ten-year statute of ultimate repose for negligence actions, ORS 12.115, and is, therefore, timely filed." *Id.* at 284 (footnote omitted).

After reviewing the legislative history of ORS 30.900 and ORS 30.905, the court concluded:

> "[T]he legislature, in enacting ORS 30.905, *contemplated placing limits only on a defendant's exposure to liability for acts or omissions taking place before or at the time that the defendant places a product in the stream of commerce.* Nothing in ORS 30.905 or its legislative history indicates that the legislative intent was to allow a manufacturer to retreat to the date of 'first purchase for use or consumption' and

raise.the defense of ORS 30.905 for negligent acts committed after the date of the first purchase for use or consumption. * * *

"The difference between the present case and the type of case that the legislature meant to cover under ORS 30.905(1) is that, in this negligence case, the reasonableness of certain of defendant's actions *after* plaintiff's purchase are in question while, in a product liability case governed by ORS 30.905, it is the condition of the article at the date of purchase that is in question."

*Id.* at 289 (first emphasis added; second emphasis in original).

Three years later, the Supreme Court again considered the issue in *Sealey v. Hicks*, 309 Or 387, 788 P2d 435, *cert den*, 498 US 819 (1990), *overruled in part on other grounds by Smothers v. Gresham Transfer, Inc.*, 332 Or 83, 123, 23 P3d 333 (2001). There, the plaintiff alleged that the defendant had negligently caused his injuries by " 'failing to give adequate warning of the vehicle's dangerous propensity to roll over at low speeds.' " *Id.* at 399. The court, as relevant here, cast the issue in the following way:

"A secondary issue concerns whether plaintiffs' complaint alleges a negligent, continuing failure on the part of the manufacturer to warn of the product's defective and dangerous condition. If the pleadings adequately allege such a theory, a question arises whether the time limit imposed by ORS 30.905(1) can be avoided by pleading a negligent continuing failure to warn consumers of such dangers."

*Id.* at 390.

After discussing the constitutionality of ORS 30.905, the court returned to the plaintiff's contention that he had pleaded a "continuing failure to warn," and noted that, "[i]f plaintiff is correct, that portion of his complaint would be governed by the two-year negligence statute of limitation, ORS 12.110[.]" *Id.* at 399. The court held, however, "that plaintiff's complaint did not adequately raise the question of a continuing failure to warn." *Id.* In a footnote, the court then added, "We express no opinion as to whether a properly pleaded continuing failure to warn would actually state a cause of action independent of the statutory product liability claim." *Id.* n 14.

The court in *Sealey* concluded that the "only reasonable reading of these allegations is that they refer to an initial failure to warn prior to the first sale of the vehicle." *Id.* at 399.[11]

In *Kambury*, we discussed *Erickson Air-Crane Co.* and *Sealey*. *Kambury* involved an allegedly defective automobile, and the plaintiff pleaded claims for negligence, breach of warranty, intentional misrepresentation, and negligent misrepresentation. 185 Or App at 638. In addressing whether those claims were time-barred, we began by dividing the plaintiff's claims into those arising before the decedent bought the vehicle and those arising after the purchase. *Id.* The former, we held, were product liability civil actions because that term, "as defined by ORS 30.900, embraces all theories a plaintiff can claim in an action based on a product defect." *Id.* at 639.

As to the plaintiff's claims arising after the decedent purchased the vehicle, we recognized that a properly pleaded post-sale negligence claim could avoid ORS 30.905. However, after reviewing *Erickson Air-Crane Co.* and *Sealey*, we held that the plaintiff in *Kambury* had not met that burden:

> "Reading *Sealey* and *Erickson* together, we hold that '[a]n initial failure to warn prior to the first sale of the [product]' that merely continues after the date of the sale is not sufficient to state a claim independently of ORS 30.900. *See Sealey*, 309 Or at 399. At a minimum, the complaint must allege 'a failure to warn at some later date after the product's defect was discovered,' *id.*, or some other negligent act that occurs after the date of purchase, *Erickson*, 303 Or at 289. In this case, the amended complaint does not allege that defendants discovered a defect after the decedent purchased the car but failed to warn her of that defect, nor does it allege, as the complaint did in *Erickson*, that some other negligent act occurred after the product was sold. Rather, the complaint alleges only that defendants failed to warn decedent before she bought the car and that

---

[11] *Sealey* and, specifically, the question left open in footnote 14 of that opinion, are not implicated in this case because plaintiff's "negligence" claim here does not allege a continuing failure to warn, but, rather, what can most appropriately be characterized as a failure to test and recall. Consequently, our consideration is limited to whether plaintiff's claim, as in *Erickson Air-Crane Co.*, alleges "some other negligent act that occurs after the date of purchase." *See Kambury*, 185 Or App at 642.

that initial failure continued until the date of her death. Following *Sealey*, we hold that that allegation is insufficient to avoid ORS 30.905 and accordingly affirm the trial court's judgment."

185 Or App at 642-43 (footnotes omitted). Thus, as applicable here, if one of plaintiff's specifications of negligence adequately alleged "some other negligent act that occur[red] after the date of purchase," those specifications are governed by ORS 12.110(1) and ORS 12.115.

■　　Plaintiff's specification "A" alleges that defendant failed "to timely discover the *latent* defect in the control arm and issue a recall before December 26, 1994." (Emphasis added.) As defendant points out, a "latent" defect is one that exists in "hidden, dormant, or repressed form but usu[ally is] capable of being evoked, expressed, or brought to light." *Webster's Third New Int'l Dictionary* 1275 (unabridged ed 1993). If, as plaintiff alleges, there was a latent defect in the Festiva's control arm, that defect existed, but was dormant, at the time of first purchase. Thus, by extension, specification "A" merely alleges that defendant failed to discover the latent defect at the time of sale and that, in *Kambury*'s terms, defendant's "initial failure" in that regard "continued" (by virtue of its failure to discover and remedy the latent defect) after the sale until the time of the accident. Consequently, specification "A" is subject to ORS 30.905(1).

The same is true of specification "B." That specification alleges that defendant was negligent "[b]y delaying the recall notice until June 20, 1996." Again, any latent defect in the control arm existed at the time of first purchase, and defendant's delay in issuing a notice of recall, as in specification "A," would have been a continuing failure to remedy an existing problem. Accordingly, specification "B" is also governed by ORS 30.905.

■　　Specification "C" is more difficult to characterize, because it alleges that defendant failed to test "to discover the latent defect once Defendant Ford began receiving reports of serious injury and fatality attributed to loss of control by the driver." That allegation neither identifies specific reports received by defendant nor describes the content of the alleged reports. Nor do the pleadings disclose whether the

alleged reports that defendant received were obtained before or after the date that the Festiva was sold. That ambiguity is critical: If defendant received the reports before the date of first purchase and thereafter failed to act on them by warning, testing, or otherwise, then specification "C," like specifications "A" and "B," would merely allege the continuation of presale action or inaction. In that event, specification "C," like specifications "A" and "B," would be governed by ORS 30.905. *See Kambury,* 185 Or App at 642-43. Conversely, if defendant received the reports after the date of first sale, its alleged negligence in failing to act on those reports would be subject to ORS 12.110(1) and ORS 12.115, and not to ORS 30.905(1) and (2). *Id.; see also Erickson Air-Crane Co.,* 303 Or at 289.

■ Given that ambiguity, specification "C" was not susceptible to dismissal under ORCP 21 A(9). Under that rule, dismissal is proper only if "the pleading shows that the action has not been commenced within the time limited by statute." That is, it must be apparent from the face of the pleadings that the allegation is time-barred. Further, in reviewing a dismissal pursuant to ORCP 21 A, we must liberally construe the pleadings and draw all inferences in plaintiff's favor. *Hinkley*, 189 Or App at 183. So viewed, specification "C" does allege a negligent act (the failure to test to discover the latent defect) that would have occurred after the date of purchase (once defendant began receiving reports of injury). Consequently, as pleaded, specification "C" is not subject to ORS 30.905 but is, instead, governed by the generic limitations and ultimate repose provisions for negligence actions, ORS 12.110(1) and ORS 12.115.

B. *Is ORS 30.905(1) subject to tolling by operation of ORS 12.160?*

■ Plaintiff next asserts that, regardless of whether specifications "A" and "B" are subject to ORS 30.905(1) and (2), they are timely because the two-year statute of limitations, ORS 30.905(2), and the eight-year statute of ultimate repose, ORS 30.905(1), are tolled for a maximum of five years by operation of ORS 12.160. We disagree. Although ORS 12.160 tolls the two-year personal injury statute of limitations, ORS 12.110(1), ORS 30.905(1) is not tolled by operation

of ORS 12.160, and the statute of ultimate repose, therefore, expired in 1997, eight years after the "date on which the product was first purchased for use[.]"

ORS 12.110(1) provides a two-year statute of limitations for personal injury claims. That limitations period may be tolled by ORS 12.160 if the plaintiff is "insane," *i.e.*, has a disabling mental condition that bars the plaintiff " 'from comprehending rights which he is otherwise bound to know.' " *Gaspar v. Village Missions*, 154 Or App 286, 292, 961 P2d 286 (1998) (quoting *Roberts v. Drew*, 105 Or App 251, 254, 804 P2d 503 (1991)). ORS 12.160 provides that

> "the period within which the action shall be brought shall not be extended more than five years by any such disability, nor shall it be extended in any case longer than one year after such disability ceases."

Thus, in general, ORS 12.110(1), tolled by ORS 12.160, allows a plaintiff suffering such a disability to commence an appropriate action a maximum of seven years after the date of the injury. *Barke v. Maeyens*, 176 Or App 471, 476 n 5, 31 P3d 1133 (2001), *rev den*, 333 Or 655 (2002). Plaintiff argues that, when coupled with our reasoning and holding in *Baird v. Electro Mart*, 47 Or App 565, 572, 615 P2d 335 (1980), tolling by virtue of ORS 12.160 can operate to extend the statute of ultimate repose for product liability civil actions up to a maximum of an additional five years.

In *Baird,* the plaintiff's complaint alleged that a television set, manufactured by one of the defendants and purchased from the other defendant, had exploded in her home and caused a fire. 47 Or App at 567. The television was purchased on March 7, 1970, and the home was damaged on January 1, 1978. The plaintiff filed her complaint on March 19, 1979 (within two years of the injury but more than eight years after the date of purchase). *Id*. The trial court dismissed the action as being time-barred under ORS 30.905(1), and we reversed.

We began our analysis by acknowledging that, in enacting ORS 30.905(1) and (2), the legislature "wanted to enact a ten-year period of ultimate repose for product liability actions comparable to the period set out in ORS 12.115."

*Baird*, 47 Or App at 569-70, 572. We held that, although ORS 30.905(1) expressly limits such claims to an eight-year ultimate repose period, the statute, combined with the two-year statute of limitations, was intended to allow a plaintiff an additional two-year "grace period" to bring the action if the plaintiff is injured by a product within the eight-year period. *Id.* Thus, for example, if a person was injured by a product on the last day of the eighth year, she would not have to bring the action that day but would, instead, have until the last day of the tenth year to bring her action.[12] *Cf. Erickson Air-Crane Co.*, 303 Or at 288 (in enacting ORS 30.905, the legislature "sought to limit the exposure of manufacturers, distributors, sellers and lessors to a product liability civil action to a maximum of ten years for such defects by limiting such a cause of action to injuries occurring within eight years of the first purchase for use or consumption and by giving the plaintiff two years to bring such an action after the date of the injury").

■ In summary, under *Baird*, a product liability civil action is subject to an eight-year ultimate repose period, but, if the plaintiff's injury occurs within that eight-year period, the plaintiff then has two years in which to file the claim. If, however, the injury occurs beyond the eight-year period (even if within the ten years), the plaintiff's claim is not legally cognizable.

Plaintiff is, thus, correct that, in some circumstances, *Baird* extended the statute of ultimate repose for product liability civil actions from eight to ten years. However, the Supreme Court has made it clear that, with respect to the operation of ORS 12.160, the difference between statutes of limitation and statutes of ultimate repose is all-important: Only the former may be tolled by operation of ORS 12.160. The latter "supplement the applicable statute of limitations" and "provide[ ] a time within which an action has to be brought and cannot be extended regardless of unfairness

---

[12] Although our analysis in *Baird* antedated *PGE v. Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143 (1993)—and, at least arguably, is inconsistent with the statutory text—*Baird*'s "eight-plus-two".construction appears to be incorporated into ORS 30.905(1) by virtue of the Supreme Court's discussion in *Erickson Air-Crane Co. See Stephens v. Bohlman*, 314 Or 344, 350 n 6, 838 P2d 600 (1992) (Supreme Court interpretation of a statute becomes a part of the statute as if it were written into it at the time of its enactment).

to the plaintiff." *DeLay v. Marathon LeTourneau Sales*, 291 Or 310, 315, 630 P2d 836 (1981).

In *DeLay*, the plaintiff's injury and "ensuing insanity" occurred in May 1977. *Id.* at 312. The parties agreed that the "act or omission complained of" was the 1968 manufacture and sale of a log stacker that caused the plaintiff's injuries. *Id.* The plaintiff filed his complaint in November 1978, beyond the ten-year ultimate repose period of ORS 12.115.[13] When the defendants moved to dismiss the action as being time-barred, the plaintiff asserted that, because of his "insanity," ORS 12.160 tolled the operation of ORS 12.115. *Id.* The trial court granted the defendants' motion to dismiss, rejecting the plaintiff's tolling argument.

The Supreme Court affirmed. After reviewing and comparing the legislative history of the medical malpractice statute of ultimate repose to that applicable to personal injury claims, the court held:

> "The legislative history clearly indicates that the legislature intended the medical malpractice statute to be a statute of ultimate repose. *Josephs v. Burns & Bear,* [260 Or 493, 497 n 2, 491 P2d 203 (1971)]. We are of the opinion that the most probable intent of the legislature was that the 10-year statute for negligent injury also was intended to be a statute of ultimate repose and the tolling statute [for insanity] was not applicable."

*DeLay*, 291 Or at 317.

*Shasta View Irrigation Dist. v. Amoco Chemicals*, 329 Or 151, 162, 986 P2d 536 (1999), corroborates that understanding. There, the court answered certified questions from the Ninth Circuit regarding whether ORS 12.250—a statutory exemption from limitations periods for government entities—could be applied to toll the ultimate repose period in ORS 30.905. Citing *DeLay*, *Sealey*, and *Erickson Air-Crane Co.,* the court reiterated that a statute of ultimate repose establishes a rigid " 'deadline for the initiation of an action' " that cannot be extended. 329 Or at 162 (quoting *Sealey*, 309 Or at 394 n 7). Thus, the court reasoned,

---

[13] *DeLay* does not mention or discuss application of ORS 30.905 to the plaintiff's claims. ORS 30.905 was enacted in 1977. Or Laws 1977, ch 843, § 3.

"[ORS 30.905(1)] reflects a legislative judgment that an injury occurring eight years after a defective product first enters the stream of commerce is not legally cognizable because, after that time, *all* claims are extinguished. Unlike a statute of limitations, the eight-year ultimate repose period prescribed by that statute begins to run on the date on which a product first is purchased for use or consumption, not on the date on which a purchaser knows or should have known of an injury caused by the product. The eight-year statute of ultimate repose runs whether or not * * * [a] plaintiff fails to assert a claim in a timely manner."

*Shasta View Irrigation Dist.*, 329 Or at 163-64 (citation omitted; emphasis in original).

*Shasta View Irrigation Dist.*, like *DeLay*, thus confirms that a statute of ultimate repose means what it says. *Baird*'s extension, as endorsed in *Erickson Air-Crane Co., see* 303 Or at 288, is *sui generis*. In particular, there is no extension of any statute of ultimate repose, including ORS 30.905(1), by virtue of "tolling" pursuant to ORS 12.160. *See DeLay*, 291 Or at 317.[14] Thus, the ultimate repose period of ORS 30.905(1) expired long before plaintiff brought this action—12 years after defendant originally sold the Festiva in 1989. Consequently, specifications "A" and "B" were properly dismissed as time-barred.

---

[14] Plaintiff points to *Kearney v. Montgomery Ward & Co.*, 55 Or App 641, 639 P2d 682 (1982), for the proposition that "the enactment of ORS 30.905 governing actions for products liability did not remove product liability actions from the scope of ORS 12.160." In *Kearney*, the plaintiff, a minor, was injured on a bicycle manufactured by defendant. 55 Or App at 643. The bicycle was purchased on December 23, 1976, the injury occurred on May 30, 1978, and the plaintiff's action was filed on July 19, 1980, more than two years after the date of the injury. *Id.*

Plaintiff is correct that in *Kearney* we applied ORS 12.160 to toll the two-year statute of limitations during the plaintiff's minority. *Id.* at 645. However, *Kearney* is significantly distinguishable from this case. *Kearney* dealt with a product liability civil action filed *within* the eight-year ultimate repose period but beyond the two-year statute of limitations. In reversing the trial court, we held that ORS 12.160 tolls the two-year statute of limitations and specifically noted that the "eight-year limitation period provided in subsection (1) of ORS 30.905 is not at issue in this case." *Kearney*, 55 Or App at 643-45, 643 n 1. Here, to the contrary, application of ORS 12.160 to the two-year statute of limitations is immaterial because, as we have discussed, ORS 12.160 does not toll the statute of ultimate repose and plaintiff's product liability civil action claims are untimely under that statute.

C. *Is specification "C," as pleaded, time-barred under ORS 12.110(1) or ORS 12.115?*

As noted above, specification "C" is not, as pleaded, subject to ORS 30.905 and is timely if it was brought within ten years of the "act or omission complained of." ORS 12.115. As also described above, the generic two-year statute of limitations for personal injury claims, ORS 12.110(1), *may* be tolled by operation of ORS 12.160, allowing a plaintiff a maximum of seven years after the date of the injury to commence an appropriate action. *Barke*, 176 Or App at 476 n 5. Conversely, ORS 12.115 is a statute of ultimate repose that *cannot* be tolled or "extended regardless of unfairness to the plaintiff." *DeLay*, 291 Or at 315. Here, because specification "C" does not affirmatively plead a date of the "act or omission complained of," the question remains whether the specification is timely under ORS 12.110(1) and ORS 12.115.

Once again—as with our discussion above regarding whether plaintiff's specification "C" is subject to ORS 30.905—the imprecision of plaintiff's pleadings operates to defendant's detriment in the context of dismissal pursuant to ORCP 21 A(9). Again, such dismissal is proper only if *"the pleading shows* that the action has not been commenced within the time limited by statute." (Emphasis added.) Because specification "C" does not disclose the date of the "act or omission complained of," the pleadings do not show that that allegation is barred under ORS 12.115. Consequently, the trial court erred in dismissing specification "C."

## II. PLAINTIFF'S WARRANTY CLAIMS

■ We turn, finally, to plaintiff's challenge to the trial court's dismissal of her two claims for breach of warranty. Plaintiff argues that her claims were timely because ORS 12.160 tolls the four-year limitations period under ORS 72.7250.[15]

Defendant responds that plaintiff failed to plead (and does not have) the requisite privity of contract with defendant to bring breach of warranty claims and that, even if privity of contract were not required, plaintiff failed to give

---

[15] The text of ORS 72.7250 is quoted above. 196 Or App at 463 n 4.

adequate notice under ORS 72.6070(3). Defendant alternatively contests the timeliness of plaintiff's warranty claims in two respects. First, even assuming that plaintiff's implied warranty claim was otherwise actionable, that claim was untimely because an implied warranty of merchantability does not extend to future performance—and, thus, must be brought within four years of the vehicle's purchase, ORS 72.7250(2). Second, a breach of express warranty must also be commenced within four years of the vehicle's purchase and, even assuming that defendant warranted future performance of the Festiva, plaintiff's claim was still untimely because she did not bring it within four years of the accident—the date the breach "is or should have been discovered."

We conclude that plaintiff's warranty claims were properly dismissed for either of two reasons. First, as defendant contends, privity of contract is a necessary prerequisite in a breach of contract claim for personal injuries. *Colvin v. FMC Corporation*, 43 Or App 709, 715-17, 604 P2d 157 (1979); *cf. Davis v. Homasote Company*, 281 Or 383, 386, 574 P2d 1116 (1978) ("the requirement of privity of contract is the law of this state," in claim for economic losses for breach of implied warranty (internal quotation marks and citation omitted)). Here, the pleadings show that plaintiff, who purchased the Festiva from another individual, was not in privity with defendant.

Second, as noted above, ORS 30.900 encompasses "all causes of action associated with product design, inspection, testing, manufacturing, and warning within the breadth of the statute." *Philpott*, 710 F2d at 1424 (affirming summary judgment against plaintiff's claims for, *inter alia*, negligence and breach of warranty, because those claims were subject to and untimely under ORS 30.905). Here, plaintiff's two breach of warranty claims both allege the same eight particulars. Those particulars assert that implied and express warranties were breached by defendant's alleged defective product design and manufacture and by defendant's alleged failure to inspect, test, and warn of the Festiva's defects. Thus, the gravamen of those allegations falls squarely within the ambit of ORS 30.900, rendering them subject to ORS 30.905(1). *Philpott*, 710 F2d at 1424.

Consequently, the trial court properly dismissed those claims as being barred by the statute of ultimate repose. We reject plaintiff's remaining arguments without discussion.

Judgment of dismissal with respect to specification "C" of plaintiff's claim for negligence reversed and remanded; otherwise affirmed.