Argued and submitted September 11, 2008, reversed and remanded January 28, petition for review denied April 22, 2009 (346 Or 184)

## Tara Rose PRITCHARD,
*Plaintiff-Appellant,*

*v.*

## REGENCE BLUECROSS BLUESHIELD OF OREGON,
an Oregon nonprofit corporation,
*Defendant-Respondent.*

Multnomah County Circuit Court
061213127; A135389

201 P3d 290

J. Michael Alexander argued the cause for appellant. With him on the briefs was Swanson, Lathen, Alexander & McCann, PC.

Eric A. Lindenauer argued the cause for respondent. With him on the brief was Garvey Schubert Barer.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Sercombe, Judge.

WOLLHEIM, J.

## WOLLHEIM, J.

Plaintiff appeals a judgment dismissing her claims for breach of a health insurance contract on the ground that her claims are time-barred, ORCP 21 A(9), because plaintiff failed to bring her claims within six years after the date of the breach. Because the complaint alleges facts that support the conclusion that defendant breached the insurance contract each time it reimbursed plaintiff for her medication at a rate lower than the contract required, the complaint states claims that accrued within the six-year limitation period. ORS 12.080(1).[1] Accordingly, we reverse and remand.

■ In assessing the sufficiency of plaintiff's claims, we assume the truth of all well-pleaded facts alleged in the complaint, *Juarez v. Windsor Rock Products, Inc.*, 341 Or 160, 163, 144 P3d 211 (2006), and liberally construe the pleadings and draw all inferences in the plaintiff's favor. ORCP 12 A;[2] *Simonsen v. Ford Motor Co.*, 196 Or App 460, 462, 102 P3d 710 (2004), *rev den*, 338 Or 681 (2005).

Plaintiff's complaint, filed on December 18, 2006, alleged that, in 1993, she purchased an individual health insurance contract from Klamath Medical Services Bureau (KMSB) in exchange for monthly insurance premiums. The contract was "guaranteed renewable," meaning that, as long as plaintiff continued to pay monthly premiums, the contract could not be cancelled, and the insurer had no right to change unilaterally any provision in the policy. ORS 743.495.[3] In December 1998, defendant acquired KMSB, and it assumed all obligations under KMSB's health insurance contracts. Plaintiff has continued to pay her premiums each month.

---

[1] ORS 12.080(1) provides that claims based on contracts must be brought within six years.

[2] ORCP 12 A provides that "[a]ll pleadings shall be liberally construed with a view of substantial justice between the parties."

[3] ORS 743.495(1)(b) provides:

"The unqualified term 'guaranteed renewable,' * * * may be used only in a policy which the insured has the right to continue in force for life by the timely payment of premiums, during which period the insurer has no right to make unilaterally any change in any provision of the policy while the policy is in force, except that the insurer may make changes in premium rates by classes."

In 1995, plaintiff was diagnosed with a life-threatening medical condition that requires treatment with growth hormone medication. In 1995, defendant agreed that plaintiff's growth hormone medication and treatment were medically necessary and were covered as a major medical benefit. Defendant paid for the treatment at a rate of 80 percent. The complaint alleged that, in May 1999, defendant breached the contract when it unilaterally changed the contract's terms by covering plaintiff's growth hormone medication treatments as a prescription drug benefit rather than a major medical benefit. As a result, defendant paid only 50 percent of plaintiff's medication expense, with an annual $2,500 stop-loss maximum, *i.e.*, out-of-pocket maximum expenditure by plaintiff. In July 2000, defendant again unilaterally changed the contract's terms by increasing the annual stop-loss maximum to $5,000. In July 2004, defendant again unilaterally changed the contract's terms by paying only 50 percent of the growth hormone medication, with no annual out-of-pocket maximum expenditure.

■ The complaint alleged that defendant breached the contract when it changed plaintiff's drug coverage from a major medical benefit to a prescription benefit. As a result of defendant's breach, the complaint alleged, plaintiff has incurred damages each month of $480.60 as her increased out-of-pocket expenses. Although the complaint does not allege it, at the hearing on the motion to dismiss, defendant's counsel stated that he understood plaintiff's theory to be that defendant breached the contract each month it covered less than 80 percent of plaintiff's growth hormone medication expense. Plaintiff's counsel informed the trial court that plaintiff intended to file an amended complaint to specifically allege a breach of contract for each lower reimbursement. Construing the pleadings liberally, ORCP 12 A, and in light of defendant's acknowledged understanding of plaintiff's theory, we treat the complaint as stating that theory of liability.

■■ A claim for breach of contract accrues when the contract is breached. *Alderson v. State of Oregon*, 105 Or App 574, 580, 806 P2d 142 (1991); *Kantor v. Boise Cascade Corp.*, 75 Or App 698, 703, 708 P2d 356 (1985), *rev den*, 300 Or 506 (1986). In plaintiff's view, a breach of contract occurred each and every time defendant declined to pay the medication at a

rate of 80 percent, as it had before it unilaterally changed the contract in 1999. Plaintiff concedes that claims for reimbursements that occurred before December 18, 2000, are barred by the six-year statute of limitation, but contends that claims after December 18, 2000, are not barred.

In defendant's view, if a breach of contract occurred at all, it was when defendant unilaterally altered plaintiff's medication benefit in May 1999, at which time plaintiff could have brought a claim. In the alternative, citing *Kantor*, 75 Or App at 703, defendant contends that a breach occurred no later than when it made the first reimbursement at the lower rate. Defendant contends that any subsequent losses suffered by plaintiff were simply consequences of the earlier breach and are not separate breaches of the contract.

Initially, we reject defendant's contention that *Kantor* requires the conclusion that the breach of contract action accrued no later than the first reimbursement at the lower rate. In *Kantor*, the defendant asserted that the breach of contract occurred when it unilaterally changed the calculation of the plaintiff's pension benefits, while he was still employed. 75 Or App at 703. This court held that the plaintiff's claim did not accrue until he retired and the defendant refused to pay him benefits on the basis of the original rate after the benefits became due. *Id*. This court did not hold, however, that the plaintiff would be barred from bringing separate claims for breach of contract for each subsequent payment at the lesser rate.

In contrast, in *Alderson*, this court held that, each time the State of Oregon improperly withheld pension plan contributions from the plaintiffs' paychecks, rather than paying the contributions through an employer "pickup," the state breached a contractual obligation under the statutory pension plan. This court stated:

> "Not all of the harm here was caused by the same act; each deduction was a separate breach, as alleged by plaintiffs, and the statute began to run separately as to each alleged breach."

105 Or App at 580.

■ Thus, although, as defendant contends, an ongoing accrual of economic damages does not extend the statute of limitations to revive a stale claim, if independent acts cause independent injuries, each act is separately actionable, and the statute of limitations begins to run separately with each alleged breach. *Alderson*, 105 Or App at 580; *see also Assn. of Unit Owners v. Far West Federal Bank*, 120 Or App 125, 134, 852 P2d 218 (1993) (same).

■ Generally, an insurance contract is breached when benefits are wrongfully denied by the insurer. *Vega v. Farmers Ins. Co.*, 323 Or 291, 296, 918 P2d 95, 98 (1996) (insurer breaches contract when it denies a claim for benefits); *see also Hamm v. Allied Mut. Ins. Co.*, 612 NW 2d 775, 784 (Iowa 2000) ("With respect to insurance policies, a breach occurs when the insurer denies an insured's request for benefits."); *Spira v. Am. Standard Ins. Co.*, 361 NW 2d 454 (Minn App 1985) (insured's cause of action arose on the date insurer rejected insured's claim for insurance benefits); *Young v. Southern Farm Bureau Life Ins. Co.*, 592 So 2d 103, 107 (Miss 1991) (statute of limitations does not begin to run until the insurer notifies the insured that the insurer will not pay benefits). Thus, based on the above principles, each wrongful denial of a claim for benefits constitutes a discrete act by the insurer that causes harm to the insured separate from and independent of the injuries caused by the denial of other claims, and accordingly, constitutes a discrete breach of the obligation to pay benefits under the policy. Each separate act is independently actionable. The statute of limitations began to run from each reimbursement, and claims based on reimbursements after December 18, 2000, are therefore not time-barred. Accordingly, the trial court erred in granting defendant's motion to dismiss.

Reversed and remanded.