Argued and submitted May 27; vacated and remanded for entry of judgment declaring parties' rights, otherwise affirmed September 10, 2020

Daniel RUNDGREN,
Sherry Dell, Kathryn Sheppard,
Larry Martin, Sara Martin, Kristin Uhler,
Robin Thornton, Jo Ann Harris,
Anna Sharp, and Kelley Sharp,
*Petitioners-Appellants,*

*v.*

HOOD RIVER COUNTY,
John Roberts, in his capacity as
Director of Community Development;
Bradley J. Cross, in his capacity as
Hood River Surveyor (P. L. S. 60051);
David Campbell, Trustee the Campbell Family Trust;
Linda Campbell; Vern Waller; Jennifer Killingsworth;
Jeff Killingsworth; and Indian Creek Golf, LLC.,
*Respondents-Respondents,*

*and*

John or Jane DOES 1-50,
*Respondents.*

Hood River County Circuit Court
17CV28604; A170709

474 P3d 449

In this declaratory judgment action, petitioners seek a declaration invalidating an affidavit issued by a Hood River County surveyor pursuant to ORS 92.170 to correct an error in a recorded plat. The trial court granted summary judgment for respondents, concluding that the affidavit was authorized under either ORS 92.170(1)(c) or (d), and entered a judgment dismissing the petition. On appeal, petitioners argue that neither paragraph (c) nor (d) authorized the correction at issue and that they have a common law right to rely on the recorded plat that is protected by both Oregon law and the federal Due Process Clause. *Held*: Either paragraph (c) or (d) authorized correction of the recorded plat. The uncontroverted evidence before the trial court established that the plat contained an error in its description of real property and that the error was ascertainable from the face of the recorded plat. Additionally, any common law right petitioners had to rely on the plat as recorded under either Oregon or federal law was necessarily circumscribed by the enactment of ORS 92.170. However, because the trial court entered a judgment dismissing the petition instead of a declaration of the parties' rights, the judgment must be vacated and the case remanded for entry of an appropriate declaration.

Vacated and remanded for entry of judgment declaring parties' rights; otherwise affirmed.

John A. Wolf, Judge.

Nathan James Neiman argued the cause and filed the briefs for appellants.

William H. Sumerfield argued the cause for respondents David Campbell and Linda Campbell. Also on the joint brief was Phillips Reynier Sumerfield & Cline, LLP.

Andrew J. Myers argued the cause for respondents Hood River County, John Roberts, and Bradley J. Cross. On the joint brief were Lisa Knight Davies and Peachey Davies & Myers, PC.

No appearance for respondents Vern Waller, Jennifer Killingsworth, Jeff Killingsworth, and Indian Creek Golf, LLC.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

KAMINS, J.

Vacated and remanded for entry of judgment declaring parties' rights; otherwise affirmed.

**KAMINS, J.**

In this declaratory judgment action, petitioners seek a declaration invalidating an affidavit issued by a Hood River County surveyor pursuant to ORS 92.170 to correct an error in a recorded plat. Before the trial court, petitioners argued that the affidavit failed to comply with the statute's requirements and had deprived them of their right to rely on the plat as recorded. The trial court rejected petitioners' arguments and granted summary judgment to respondents, a decision petitioners now challenge on appeal.[1] We conclude that summary judgment was proper because the record reveals no dispute about whether the affidavit complied with ORS 92.170 and because the legislature circumscribed any right petitioners had to rely on the recorded plat by enacting ORS 92.170. However, because the trial court entered a judgment of dismissal rather than a declaration of rights, we vacate and remand for the court to enter an appropriate declaration.

We review an order granting summary judgment for errors of law and will affirm if there are no genuine issues as to any material fact and the moving party is entitled to judgment as a matter of law. *Buchwalter-Drumm v. Dept. of Human Services*, 288 Or App 64, 66, 404 P3d 959 (2017). "No genuine issue as to a material fact exists if *** no objectively reasonable juror could return a verdict for the adverse party." ORCP 47 C. In evaluating whether summary judgment is appropriate, we view the facts in the light most favorable to the nonmoving party—in this case, petitioners—drawing all reasonable inferences therefrom in that party's favor. *Jones v. General Motors Corp.*, 325 Or 404, 408, 939 P2d 608 (1997). We state the facts in accordance with that standard.

___

[1] In their brief, petitioners make seven assignments of error, each concerning a different reason why the trial court granted summary judgment. Because error is assigned to rulings, not reasons for rulings, we consolidate all of petitioners' arguments into a single assignment of error and address them together. *See Oak Crest Const. Co. v. Austin Mutual Ins. Co.*, 137 Or App 475, 478 n 2, 905 P2d 848 (1995), *aff'd*, 329 Or 620, 998 P2d 1254 (2000) ("The trial court's various reasons for its ruling on the motions for summary judgment are not independently assignable as error. 'Rulings' must be assigned or cross-assigned as error, not the reasons for the rulings.").

This case concerns an easement at the end of Broken Tee Drive, a cul-de-sac in the Indian Creek Meadows Subdivision in Hood River. Since being recorded in 1992, the subdivision's plat had labeled the easement a "60 foot public utility easement." However, during the process of planning a new subdivision adjacent to the Broken Tee cul-de-sac, respondents David and Linda Campbell learned that the easement had been mislabeled. The Campbells sought to correct the Broken Tee plat in order to provide the planned subdivision a means of ingress and egress.

On September 19, 2016, the Campbells sent a written request to Hood River County to correct the easement's description pursuant to ORS 92.170. The county forwarded the request to county surveyor Bradley Cross to make a determination about whether the plat needed to be corrected. After reviewing the markings on the recorded plat and consulting with another surveyor, Cross concluded that the easement had been mislabeled and that it was intended to be both a utility and right of way easement. Accordingly, Cross prepared and filed a surveyor's affidavit of correction changing the label of the easement.

Sometime thereafter, petitioners—a group of homeowners with properties along Broken Tee Drive—discovered that the county had corrected the easement to allow for development of a new subdivision. Fearing that the new subdivision would increase noise and traffic, create safety hazards for residents, and decrease property values, petitioners filed this declaratory judgment action seeking to invalidate the affidavit of correction. Before the trial court, petitioners made two principal arguments. First, petitioners argued that ORS 92.170(1)(d) did not authorize the correction at issue because the error in labeling the easement was not "ascertainable" to a member of the general public from the data on the face of the recorded plat. Second, petitioners argued that the affidavit was invalid because Oregon law gave them a right to rely on the plat as recorded and the federal right to due process afforded them notice and an opportunity for a hearing before the plat could be changed.

The trial court rejected petitioners' arguments and granted summary judgment for respondents, concluding

that ORS 92.170 authorized the correction. On appeal, petitioners renew their arguments that ORS 92.170 did not authorize the affidavit of correction and that they are entitled to rely on the plat as recorded. For the reasons that follow, we affirm the trial court's grant of summary judgment.

Under ORS 92.170(1), a surveyor can use an affidavit of correction to correct several types of errors in a recorded plat. As relevant here, paragraph (c) authorizes correction of "an error in the description of the real property shown on the subdivision or partition plat" and paragraph (d) authorizes correction of "any other errors or omissions *** ascertainable from the data shown on the final subdivision or partition plat as recorded." ORS 92.170(1)(c), (d). Either of these paragraphs authorize the affidavit of correction at issue.

Beginning with paragraph (c), the record reflects that the affidavit corrected an error in the label of the easement—a description of real property. According to documents submitted by respondents, the Broken Tee easement was always intended to include a right of way. A letter from the city indicates that approval to construct Broken Tee Drive was specifically contingent on it having a right of way easement. A preliminary draft of the plat also shows the easement labelled as a "60' road and utility easement."

Although the same language was not present in the final plat, respondents provided expert testimony that its omission was a mistake. Cross testified that, despite not being listed as a road easement, several of the final easement's features—including its width, placement at the end of a cul-de-sac, and truncated radii—were consistent with those expected of a road easement. For their part, petitioners did not challenge respondents' evidence or provide any evidence of their own suggesting that the omission of the road easement was intentional. As a result, the record contains no genuine issues of material fact regarding whether paragraph (c) authorized the affidavit of correction.

Additionally, even if the correction was not proper under paragraph (c), it still would have been authorized as "any other error[]" ascertainable from the recorded plat

under paragraph (d). ORS 92.170(1)(d). As discussed above, Cross testified that he was able to ascertain that there had been a labelling error based on several features appearing on the face of the recorded plat. In response, petitioners produced no evidence challenging Cross's conclusion. They did not offer expert testimony suggesting that the reasons for Cross's conclusions were insufficient or other evidence suggesting that the omission of a right of way on the final plat was intentional. As a result, the record contains no genuine issues of material fact regarding whether the error was correctable under paragraph (d). The trial court did not err in granting summary judgment for respondents.

Petitioners make several arguments against our conclusions. First, petitioners point to an email from Cross to a coworker that petitioners obtained during discovery as evidence that ORS 92.170(1)(c) cannot serve as the basis for the affidavit of correction. In the email, Cross opined that "I don't believe 92.170[(1)](c) can be used as that is referring to the errors in the location description."[2] Petitioners insist that they are "entitled to the inference from Surveyor Cross that a surveyor cannot use ORS 92.170[(1)](c)."

Petitioners' argument fails because whether or not ORS 92.170(1)(c) authorized the affidavit of correction was not for Cross to decide—it is a question of law to be decided by the court. *SAIF v. Siegrist*, 297 Or App 284, 291-92, 441 P3d 655, *adh'd to as modified on recons*, 299 Or App 93, 455 P3d 47 (2019) ("By definition, statutes are law, and, as such, their interpretation always is a question of law." (Internal quotation marks omitted.)). Whatever Cross's legal conclusions about the statute might have been, they cannot defeat a motion for summary judgment. *See Spectra Novae, Ltd. v. Waker Associates*, 140 Or App 54, 59, 914 P2d 693 (1996) (explaining that a witness's legal conclusions are inadmissible as evidence and cannot defeat a motion for summary judgment).

In their second argument, petitioners assert that ORS 92.170(1)(d) did not authorize the affidavit of correction.

---

[2] Cross explained during depositions that he later changed his mind and concluded that paragraph (c) did authorize the correction.

They observe that, by its terms, ORS 92.170(1)(d) only permits correction of an error that is "ascertainable from the data shown on the final subdivision or partition plat as recorded." Petitioners argue that, because the word "ascertainable" is unqualified, the statute allows correction only when an error is ascertainable to a member of the general public. Thus, because the only evidence in the record that the labelling error was ascertainable came from professional surveyors, respondents had not satisfied the statute's requirements.

Petitioners' argument misunderstands the statute. Although ORS 92.170(1)(d)'s plain text is silent as to *who* must be able to ascertain the error, the statute does not automatically default to members of the general public. Instead, we look to ORS 92.170(1)(d)'s statutory context, which includes other provisions of the same statute and other related statutes, to discern the legislature's intent. *Gadalean v. SAIF*, 364 Or 707, 719, 439 P3d 965 (2019).

Here, ORS 92.170(1)(d)'s context indicates that the legislature intended eligibility for correction to turn on whether an error is ascertainable to a licensed surveyor. Following paragraph (1)(d), two subsections set out the requirements for preparing and filing an affidavit of correction. ORS 92.170(3) provides that a surveyor must prepare and sign an affidavit of correction and ORS 92.170(4) provides that a county surveyor must then separately examine and certify that the affidavit of correction is permitted by statute. In imposing those requirements, ORS 92.170(3) and (4) necessarily place the responsibility of determining whether an error is ascertainable on the surveyor.

Petitioners argue that that interpretation of the statute is too broad and effectively gives a surveyor unilateral and unrestrained power to define individuals' property rights by determining what sort of errors are ascertainable or not. We believe those concerns are overstated. If a landowner believes that a surveyor has erroneously determined that an error is ascertainable, then that landowner can do the same as petitioners here—seek a declaratory judgment that the affidavit of correction is invalid. In the course of that action, the landowner can then present expert testimony of

their own to challenge the surveyor's conclusion that the error was ascertainable.

Next, we turn our attention to petitioners' arguments relating to their ability to rely on the recorded plat. Petitioners argue that, regardless of ORS 92.170, several of the Oregon Supreme Court's early common law decisions provide them a right to rely on a recorded plat's description of a property and its encumbrances. *See Steel v. City of Portland*, 23 Or 176, 31 P 479 (1892); *Carter v. City of Portland*, 4 Or 339 (1873). Because Oregon law protects their right to rely on a recorded plat, they argue that due process required that they receive notice of the proposed correction and an opportunity for a hearing before the affidavit was issued. *See Memphis Light, Gas & Water Div. v. Craft*, 436 US 1, 11-12, 22, 98 S Ct 1554, 56 L Ed 2d 30 (1978) (holding that due process entitled plaintiffs to notice and an opportunity to be heard before they could be deprived of benefits that they had a "legitimate claim of entitlement" to under state law).

The problem with petitioners' argument is that any entitlement they had to rely on the recorded plat was circumscribed by the enactment of ORS 92.170. By allowing surveyors to correct errors in recorded plats, ORS 92.170 necessarily limited any common law guarantee that a plat could not be altered once it was recorded in cases where the plat contains an error. Accordingly, we conclude that petitioners have failed to demonstrate an entitlement to rely on the recorded plat and that the trial court properly granted summary judgment on their due process claim as a result.

Finally, though not raised by the parties, we address a procedural issue with the judgment. Although this case was brought as a declaratory judgment action, the trial court concluded the proceedings by entering a judgment of dismissal. That was error. The proper procedure upon determination of the merits of a claim in a declaratory judgment action is to enter a declaration of the parties' rights. *See Harrison v. Port of Cascade Locks*, 27 Or App 377, 379 n 1, 556 P2d 160 (1976) ("[j]udicial relief, in a declaratory judgment context, consists of a declaration of rights"). Accordingly, we vacate the judgment the trial court entered

below and remand for entry of a declaration of the parties' rights.

Vacated and remanded for entry of judgment declaring parties' rights; otherwise affirmed.